OPINION OF THE COURT
Stephen G. Crane, J.
Defendant moves pursuant to CPL 30.30 and 30.20 to dismiss this action. She has been at liberty on $500 bail since April 27, 1983, two days after her arraignment. She had been arrested on April 23, 1983, and arraigned two days later on a misdemeanor complaint charging petit larceny (Penal Law, § 155.25) and criminal possession of stolen property, third degree (Penal Law, § 165.40).
The original pleading was sworn to by SPO Benjamin Maner. It set forth hearsay from informant “Brenda Humphrey”, a Macy’s store detective, that defendant committed these crimes at 151 West 34th Street, County of New York (the address of Macy’s), on April 23,1983, at 4:05 p.m. The case was adjourned to April 29, 1983 (which would have *763 been the “170.70 day” had defendant remained incarcerated). The People then filed a second complaint sworn to on April 27,1983, by SPO Maner, alleging that his informant, “Brenda Humphrey”, was a store detective of Saks Fifth Avenue[1] and that the crimes occurred at 611 Fifth Avenue (the address of Saks) on April 23, 1983 at 4:05 p.m. The identical merchandise and value[2] were alleged in both pleadings.
A supporting deposition dated April 28, 1983 was also filed on the 170.70 day. It was executed, under the form notice authorized by CPL 100.30,[3] by Brenda Humphrey of Saks, 611 Fifth Avenue. In this deposition, Ms. Humphrey swore she had read the accusatory instrument and that the facts stated to be furnished by her were true and upon her personal knowledge.
The case was next calendared for the People to respond to defense motions on May 31, 1983. On that date the People reported that this was actually a Macy’s occurrence. Yet another adjournment to June 9, 1983, chargeable to the People, was required for their response. The response and bill of particulars filed that date alleged that Macy’s was the place of occurrence, and Brenda “Humphries” of Macy’s was the person who recovered the property. The case was again adjourned to July 19,1983, when it was put over for trial to August 2, 1983. Meanwhile, SPO Maner, on July 19, 1983, had sworn to yet a third complaint. This one alleged that the same crimes involving the same merchandise had occurred at 151 West 34th Street after all.[4] The same date and time of occurrence were alleged. The informant, however, was named “Brenda Bernard”, a Macy’s store detective. This pleading was accompanied by *764 a supporting deposition of Brenda Bernard dated July 19, 1983. These documents were filed on August 2, 1983. Defense counsel then announced an intention to make this motion, and August 16 was selected for the return date. Because the motion was not served timely, the People were afforded until September 14, 1983 to respond. They finally filed a response on September 27, 1983.
The branch of the motion, resting on CPL 30.20 and the Sixth Amendment to the United States Constitution, is denied out of hand. Defendant makes no attempt to show any prejudice from the passage of 99 days since the commencement of the action. She has suffered no extended incarceration as a result of these charges. Any delays attributable to the People are minimal. (See People v Taranovich, 37 NY2d 442.)
The other branch of this motion presents only one issue:[5] was there a jurisdictionally sufficient information before August 2, 1983, on the basis of which the People could announce ready for trial? (People v Colon, 59 NY2d 921, revg 112 Misc 2d 790, on reasoning of Atlas, J., at 110 Misc 2d 917.) Defendant argues that Colon mandates dismissal because the latest complaint and supporting deposition were filed more than 90 days after the commencement of the action. The People seem to accept defendant’s application of People v Colon to the facts at bar, but they urge that CPL 30.30 (subd 4, par [g]) should exclude the period from April 29, 1983 until July 17, 1983.[6] They urge that their own belief, that they had satisfied the requirement of converting the complaint to an information, is an exceptional circumstance under CPL 30.30 (subd 4, par [g]).[7] First of all, they knew by May 31,1983, that Saks was the wrong store. Secondly, the court rejects the application of *765 the “exceptional circumstances” exclusion in this case. The People have not yet announced on the record their readiness for trial. (People v Hamilton, 46 NY2d 932, 933.) Therefore, even if their “belief” were justifiable and constituted an exceptional circumstance to begin with, they fail to establish the critical element of causation, i.e., that this “exceptional circumstance” occasioned the delay. (People v Osgood, 52 NY2d 37, 41; People v Brothers, 50 NY2d 413; cf. People v Sturgis, 38 NY2d 625, 628; People v Reid, 110 Misc 2d 1083, 1087; People v Colon, 110 Misc 2d 917, 921, supra.) If the erroneous “belief” were the cause of their delay, they would have announced ready for trial upon filing the pleading that rectified this error. Since they did not make this announcement, the conclusion is deduced that some factor other than this error is the cause of their unreadiness.
Upon closer analysis, the erroneous belief of the prosecutor fails to qualify as an exceptional circumstance. This excuse in substance asserts that the prosecutor delayed in clarifying the facts. The court papers reveal that the People were aware of a conflict in the facts as early as April 27, 1983, when the second complaint was filed together with a supporting deposition. They have only themselves to blame for failing to launch an investigation by interviewing the store personnel, arresting police officer and SPO Maner in order to nail down the actual place of the alleged shoplift and place of the defendant’s arrest. The repose in the prosecutor’s investigation hardly amounts to an exceptional circumstance that qualifies under CPL 30.30 (subd 4, par [g]). (See People v Washington, 43 NY2d 772, 774 [“The statutory exception * * * must be limited to instances in which the prosecution’s inability to proceed is justified by the purposes of the investigation and credible, vigorous activity in pursuing it.”]) By contrast, exceptional circumstances have been found when the complainant or other material witness was unavailable for medical reasons (People v Goodman, 41 NY2d 888; People v Marshall, 91 AD2d 900, 901); when the victim was out of the country and the People acted with due diligence to effect her return (People v Green, 90 AD2d 705, 706); for the unavailability of evidence from a codefendant during the time he was *766 being prosecuted (People v Zirpola, 57 NY2d 706, modfg 88 AD2d 758); because of the disqualification of the resident County Judge preventing the prosecutor from communicating readiness {People v Castro, 80 AD2d 656, 657, revd on other grounds 55 NY2d 972); where the defendant’s contemptuous refusal to obey an order to give his handwriting exemplar forced the prosecutor to engage in time-consuming litigation {People v Etheridge, 116 Misc 2d 98); when the sensitivity of an ongoing narcotics investigation necessitated a postindictment, prearrest repose {People v Capparelli, 68 AD2d 212); where the defendant has entered a plea bargain contingent on subsequent events that failed to occur (People v Friscia, 70 AD2d 709, 73 AD2d 702, affd 51 NY2d 845).
To conclude that CPL 30.30 (subd 4, par [g]) is inapplicable is not to end the matter. The defendant’s resort to People v Colon {supra) must now be scrutinized. Judge Atlas reasoned in that case (110 Misc 2d, at p 920):
“The Criminal Court clearly has no jurisdiction to take to trial a defendant who is charged only by a complaint and who has not waived the filing of a sufficient information * * * Without his having provided the court with a basis for exercising such jurisdiction the District Attorney cannot be ready for trial in a misdemeanor case * * *
“Responsibility to confer upon the Criminal Court jurisdiction to try misdemeanor cases rests squarely upon the shoulders of the District Attorney. Like any other prosecuting litigant in an action of any nature (civil as well as criminal) he must file an accusatory instrument sufficient in its allegations to give the court reason to exercise its jurisdiction.” (Emphasis in original.)
Manifestly, in the case at bar we have had since the “170.70 day” one or another jurisdictionally sufficient instrument on which the People could announce ready and proceed to trial. The rule in Colon has been satisfied.
It may be helpful in understanding why Colon (supra) has been complied with to analyze procedurally the two informations in this case and the effects of their filing. The complaint and supporting deposition filed on April 29, 1983 (“170.70 day”) contained an accusatory part charging sections 155.25 and 165.40 of the Penal Law. The factual *767 part alleged all of the necessary elements of each of these crimes. Therefore, it contained no nonwaivable jurisdictional defects (see People v Parris, 113 Misc 2d 1066) and satisfied all pleading requirements of CPL 100.15. This pleading specified the right time, date and merchandise; its evil was to name the wrong place. And, this error was exacerbated by the commission of a crime: Store Detective Brenda Humphrey of Saks swore that the occurrence took place in her store. She thereby committed the class A misdemeanor of making a punishable false written statement (Penal Law, § 210.45).[8]
This error in naming the correct store and informant was only a formal error. It could have been corrected without SPO Maner swearing to a new complaint. CPL 200.70 (subd 1) specifies in pertinent part: “At any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits.” This provision applies to prosecutor’s informations (CPL 100.45, subd 2), but not expressly to other informations. (Compare CPL 100.45, subd 2, with subds 1, 4; but see Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 100.45, p 89.) By implication arising from CPL 170.35 (subd 1, par [a]), however, this provision applies to informations and other accusatory instruments (People v Parris, 113 Misc 2d 1066, 1069, n 4, supra; cf. People v Pacifico, 105 Misc 2d 396, 400). Indeed, informations have been amended as to matters of form merely on motion of the prosecutor. Another justification for this *768 procedure rests on the following reasoning: A prosecutor’s information is authorized where it is supported by the “factual part of the original information and/or any supporting depositions which may accompany it” (CPL 100.50, subd 2). Hence, after April 29,1983, the People could have filed a prosecutor’s information alleging Saks Fifth Avenue as the place of occurrence. Then, they could have amended the alleged place of occurrence pursuant to CPL 200.70 and 100.45 (subd 2). Such an amendment would not have prejudiced defendant — she does not propound any prejudice even now — and, in fact, such prejudice is inconceivable because she herself knew where she had been arrested from the very outset. (See People v Scanlon, 132 App Div 528.)
Yet, the People did not choose this procedural course. Instead, they filed a third complaint and supporting deposition which they label a “superseding information”.[9] A superseding information is not defined in the CPL, but the effect of filing such an instrument is spelled out in CPL 100.50 (subd 1). Like the prosecutor’s information, the superseding information must be supported by the factual allegations of the pleading it replaces (People v Medina, Crim Ct, NY County, Part AP3, May 17, 1983, 2N063043-5). Considered as a superseding information, the pleading filed on August 2, 1983, charging the same offenses as the prior pleading, replaced the earlier, erroneous information. Upon defendant’s arraignment on the superseding information, the earlier pleading was dismissed (CPL 100.50, subd 1).
This was not a situation where the prosecutor could not be ready for trial for lack of “an accusatory instrument sufficient in its allegations to give the court reason to exercise its jurisdiction.” (People v Colon, 110 Misc 2d, at p 920.) Rather, the circumstances are as described by Denzer (Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.50 [1971 ed], p 413) when he wrote *769 about the prosecutor’s information: “Presumably, a prosecutor might [supersede with a prosecutor’s information] when he deems the original information * * * poorly drawn or unsatisfactory in some respect. The offenses which may be so charged, however, are limited to those spelled out by the sworn evidentiary allegations of the original information and any supporting depositions which may accompany it. In short, the prosecutor may not add new offenses based upon new or extraneous facts or evidence which may have come to his attention after the filing of the original information.” Therefore, we do not here confront the situation presented in People v Reid (110 Misc 2d 1083, supra). There a prosecutor’s information was filed embodying an entirely new theory and factual allegations that altered the substance of the action going to the heart of one of the elements of the crime charged.
In the case at bar, the only changes between instruments are formal and nonsubstantive. Consequently, the defendant could not argue that time excludable under CPL 30.30 (subd 4) with respect to the first information should not also apply to the “superseding” information. Indeed, such an argument would rest on the theory that the People could not announce their readiness for trial on the earlier, erroneous pleading. But, we have already discovered that no jurisdictional impediment (as in People v Colon, supra) inhibits such announcement. And, if the case proceeded to trial on the erroneous pleading, CPL 200.70 (subd 1) authorizes, even “during trial,” an amendment to cure “defects, errors or variances from the proof” as to such “matters of form”. (See, e.g., People v Spann, 56 NY2d 469 [amendment at trial authorized to change the specification of items alleged to be stolen]; People v La Boy, 91 AD2d 1102, supra [amendment during jury selection permitted to delete as surplusage language, not necessary to state the elements of the crime, describing defendant’s activities preceding the assault]; People v Robinson, 71 AD2d 779 as at bar, and People v Cruz, 285 App Div 1076 [amendments allowed to change name of victims of assaults; in Robinson as at bar, correct name had been set forth in a bill of particulars]; People v Scanlon, 132 App Div 528, supra [amendment at trial to change name of town where crime occurred; defendants’ trial preparation must have acquain *770 ted them with the exact location]; cf. People v Ganett, 68 AD2d 81, 85, affd 51 NY2d 991 [error to deny pretrial amendment to change name of defendant from Sabu Ganett to Sabu Gary].)
While the controlling distinction between People v Reid (supra) and the case at bar involves the difference between changes of substance and of form, this is merely fortuitous. Thus, what I said in Reid (110 Misc 2d, at p 1087) regarding the People’s readiness applies equally here[10]: “Had the prosecution truly been ready for trial when it announced ready, had the investigation, analysis and legal research been completed beforehand, the * * * information would have been filed much earlier, without any extra effort.”
Nevertheless, the defendant’s motion is denied.

. This allegation was surplusage since it was unnecessary to the statement of the elements of the crimes charged/ (See People v La Boy, 91 AD2d 1102.)

. Nineteen pairs of panties and 13 slips of the value of $455.

. The form notice states “False statements made herein are punishable as a Class A misdemeanor pursuant to section 210.45 of the penal law.” That section provides: “A person is guilty of making a punishable false written statement when he knowingly makes a false statement, which he does not believe to be true, in a written instrument bearing a legally authorized form notice to the effect that false statements made therein are punishable.”

. This complaint bore the typed address, “611 5th Ave.”, but that address was inked over and “151 W. 34th St.” was penned in next to the deletion. I presume SPO Maner made this change although his initials do not appear. Lamentably, the county of occurrence is omitted from this third pleading (in contrast to its predecessors); but that can be supplied by motion of the prosecutor. (CPL 200.70; cf. CPL 100.45, subd 2.)

. Defendant makes no effort to charge the People with more than 90 days of nonexcludable delay on any ground other than their failure to convert the pleading within that period.

. The People also argue for a cutoff date of July 17,1983 if the court finds they are chargeable with the time prior to the correction of the erroneous pleading. In this they err because the time must be measured to the date of filing, not execution, of any curing document. (People v Ryff, 100 Misc 2d 505, 509; cf. CPL 100.20.)

. Discussion of this issue in no way should be taken as an acceptance of the proposition that any of the exceptions of subdivision 4 would apply where the People have failed to secure a supporting deposition in violation of the rule in People v Colon (110 Misc 2d 917). (Compare People v Sturgis, 38 NY2d 625, with People v Williams, 56 NY2d 824.)

. See n 3, supra. The supporting deposition (CPL 100.20) with its form notice (CPL 100.30, subd i, par [d]) are treated with great solemnity and relied upon by the court. Valuable rights depend on the authenticity and veracity of these documents. Indeed, had defendant Twine failed to post bail she would have remained incarcerated due to the perjurious supporting deposition executed by Brenda Humphrey. (CPL 170.70.) Therefore, this court expects that the District Attorney will perform his duty and prosecute this crime which appears to have been committed by Brenda Humphrey and thereby vindicate not only the legislative will expressed in section 210.45 of the Penal Law, but also the sanctity of supporting depositions.

. Perhaps they preferred this procedure because SPO Maner’s complaint had mentioned in the factual part that the informant was a Saks store detective. (Cf. CPL 100.15, subd 1 [“(t)he complainant’s verification * * * is deemed to apply only to the factual part * * * and not to the accusatory part.”]) It is only an amendment to the accusatory part of an “information” that the prosecutor is specifically authorized to seek. (CPL 100.45, subd 2.)

. See discussion p 765, supra.