OPINION OF THE COURT
James P. Griffin, J.
The People have moved for an order pursuant to CPL 40.30 (4) "restoring the above-entitled docket to the court’s calendar and reinstating the proceedings and previous court decisions made thereon as existed on December 9, 1986, immediately prior to the commencement of trial”. In making its determination the court has relied on the following papers which were submitted on the motion:
(1) Notice of motion, dated December 19, 1986; Corliss affirmation, dated December 22, 1986, and exhibits annexed thereto, in support of the motion;
(2) Harris affirmation in opposition, dated February 27, 1987;
(3) Popkin affirmation in opposition, dated February 27, 1987;
(4) Corliss affirmation in reply, unsigned and undated submitted March 13, 1987, labeled "Supplemental Affirmation and Reply to Defendant’s Affirmation in Opposition”;
(5) Harris surreply affirmation, dated March 23, 1987.
This decision examines the consequences of failing to corroborate properly a misdemeanor complaint when that defect is discovered during trial and more than 90 days after the commencement of the criminal action.
BACKGROUND
On August 1, 1985 the defendants were arrested and charged with acting in concert to commit the crimes of assault in the second degree (Penal Law § 120.05), assault in the third degree (Penal Law § 120.00 [1]), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). They were arraigned on those charges on August 2, 1985.
On September 23, 1985 the People reduced the felony assault charge to misdemeanor assault (Penal Law § 120.00) and filed what had appeared on its face to be a valid supporting affidavit sworn to by the victim of the assault, Carlos Torres. *424 In that affidavit Mr. Torres stated that he had read the accusatory instrument and swore that the facts which are alleged therein to have been furnished by him were, upon his personal knowledge, true. The complaint alleged that the defendants had beaten Mr. Torres with a baseball bat. The complaint, together with this apparent supporting, nonhearsay deposition, was deemed an information.
More than 14 months later, on December 8, 1986, the day trial was to commence, the People filed a prosecutor’s information.
Mr. Torres, during his trial testimony, clearly and emphatically stated that he did not see either defendant strike him— but rather, that he had been told by a third party that it was the defendants who were his attackers. That testimony was in direct contradiction to the information he had supplied in his "supporting” affidavit to the complaint.
The court granted the motion made by both defendants to dismiss the complaint based on their argument that the accusatory instrument had not properly been converted to an information.[1] In granting the motion, the court gave leave to the People to move to reinstate this proceeding if a valid corroborating affidavit could be supplied. The court also gave leave to defendants to raise speedy trial objections in the event such a motion to restore was made. (See, People v Lawrence, 64 NY2d 200 [1984].)
The People now have made such a motion offering what they state is a proper corroborating affidavit. I note, in passing, that the proffered affidavit is not verified; this decision, however, will not be based on that technical defect.
In opposition to the motion both defendants argue that, if granted, their statutory speedy trial rights pursuant to CPL 170.30 (1) (e) would be violated, as well as their rights pursuant to CPL 40.20 to not be placed twice in jeopardy for the same offense. As to the double jeopardy issue, the People counter with reliance on People v Key (45 NY2d 111, 117 [1978]). As to the speedy trial issue, the People fail to offer any analysis of possible excusable delay and in lieu thereof argue:
*425 "7 This court erred in dismissing the above mentioned dockets against the defendants on the ground that it lacked subject matter jurisdiction in the dockets should be restored to this court’s calender [sic].
"8. Assuming arguendo, that Mr. Torres’ trial testimony wherein he denied having seen who assaulted him is accurate, the accusatory instrument contained merely a formal defect which did not affect the court’s jurisdiction and which could have been cured during the defendant’s trial.”
In this connection it must be noted that the People candidly concede:
"7. After Carlos Torres’ testimony, defense counsels, on behalf of both defendants, made an oral application to dismiss the accusatory instrument as defective. Specifically, the defense argued that the original complaint was never properly deemed an information because it was never supplemented by a non-hearsay supporting deposition.
"8. The People acknowledge that based on Carlos Torres statement at trial, the argument set forth by the defense was meritorious.”
ANALYSIS
(a)

Double Jeopardy

Under New York law, if an accusatory instrument is " 'so radically defective that it would not support a judgment of conviction’ ”, jeopardy never attaches under the instrument and retrial upon correction of the defect is not barred. (People ex rel. Zakrzewski v Mancusi, 22 NY2d 400, 403 [1968].)
Indeed, reprosecution is permitted whenever a dismissal has been granted on motion by defendant, so long as the dismissal does not constitute an adjudication on the facts going to guilt or innocence. This rule applies even if the dismissal occurs after jeopardy has attached. (People v Key, 45 NY2d 111 [1978], supra.) Thus, reprosecution has been permitted where an accusatory instrument was dismissed for legal insufficiency after a trial had begun. (See, Matter of Bishop v Supreme Ct., 14 NY2d 321 [1964], remittitur amended 14 NY2d 959 [1964], cert denied 380 US 909 [1965]; People ex rel. North v Skinner, 280 App Div 611 [4th Dept 1952], affd 305 NY 711 [1953].)
Accordingly, in order to determine whether the principle of *426 double jeopardy bars reprosecution in the instant case it is necessary to determine if the document before the court at the time of the trial would have supported a judgment of conviction. Did the conceded failure to supply a valid corroborating affidavit constitute simply a formalistic error which could be corrected even at trial or was it a substantive, jurisdictional flaw?
(b)

Sufficiency of Original Accusatory Instrument

CPL 170.65 (1) provides in pertinent part: "A defendant against whom a misdemeanor complaint is pending is not required to enter a plea thereto. For purposes of prosecution, such instrument must * * * be replaced by an information” (emphasis supplied). The statute is mandatory. A defendant accused of a misdemeanor has an absolute right to be tried upon an information. This requirement is so significant that should the People fail to replace a misdemeanor complaint with an information for a defendant who at the time of his arraignment was confined in custody for a period of more than five days (not including Sunday), that defendant must, upon his application, be released on his own recognizance. (CPL 170.70.)
CPL 100.40 (1) sets forth the requirements for a sufficient information. It requires, inter alla, that: "(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.” (Emphasis supplied.) This statutory mandate protects an accused from baseless prosecution upon an accusatory instrument that is based on hearsay alone; it requires that the instrument be supported by statements from accusers who have firsthand knowledge. (People v Jeffries, 19 NY2d 564, 566-567 [1967], citing People ex rel. Livingston v Wyatt, 186 NY 383 [1906]; People v James, 4 NY2d 482 [1958].) It is a rule that must be complied with unless the defendant knowingly and intelligently waives that right. (CPL 170.65 [3]; People v Weinberg, 34 NY2d 429 [1974]; cf., People v Connor, 63 NY2d 11 [1984].) No such waiver occurred in the instant case; the defendants did not learn of the defect in the accusatory instrument until Carlos Torres testified at trial.
The requirement of prosecution by information clearly is *427 jurisdictional in nature and not merely a matter of form; a verdict obtained in a trial that was not commenced upon an information must be reversed. (People v Weinberg, supra; People v Groos, 53 Misc 2d 185 [Dist Ct, Suffolk County 1967].) Even where, as here, the trial is commenced with a facially sufficient accusatory instrument, if the trial should reveal that the accusation is based on hearsay, the case may not proceed. (People v Gambella, 56 Misc 2d 928 [Dist Ct, Nassau County 1968].) That the corroborating affidavit is offered while the trial is in progress will not cure the defect. (People v Haverty, 21 Misc 2d 198 [County Ct, Suffolk County 1959]; People v Whetson, 135 Misc 2d 1 [Crim Ct, NY County]; cf., People v Treman, 28 Misc 2d 379 [County Ct, Tompkins County 1961].)
The accusatory instrument which was before the court at the trial in the instant matter would not have supported a judgment of conviction. The document was based solely on hearsay. That being the case, the principle of double jeopardy does not bar reprosecution. This, however, does not end the dispute; the defendants also argue, that should the instant motion to restore the case to the calendar be granted, their statutory speedy trial rights would be violated.
(0

Speedy Trial

CPL 30.30 requires the People to be ready for trial within 90 chargeable days of the commencement of a criminal action when, as in the case at bar, a class A misdemeanor is charged as the top count of an accusatory instrument (CPL 30.30 [1] M).
Here the defendants were arrested and charged on August 1, 1985. The charges were all reduced to misdemeanors and the "corroborating” affidavit of Carlos Torres was filed on September 23, 1985. On that same day the complaint was deemed an information based upon that invalid "corroborating” affidavit. As noted earlier, the People concede, based on the trial testimony of Mr. Torres, "the original complaint was never properly deemed an information because it was never supplemented by a non-hearsay supporting deposition”. Clearly, well over a year has elapsed from the time the charges were reduced until the making of the People’s motion. The People offer no analysis to support an argument that there exists sufficient excludable time to prevent violation of the speedy trial mandate (see, People v Berkowitz, 50 NY2d *428 333 [1980]); rather, as noted earlier, relying on People v Twine (121 Misc 2d 762 [Crim Ct, NY County 1983]), the People argue that the failure to provide a valid corroborating affidavit is merely a formalistic error which could be corrected at trial and which in no way affected their readiness for trial.
Assuming, arguendo, that Twine (supra) stands for the proposition asserted, it would be in direct conflict with the Court of Appeals determination in People v Colon (59 NY2d 921 [1983]). There the court reversed Appellate Term and reinstated the order of the Criminal Court for the reasons stated in the opinion of Judge Atlas at Criminal Court. Judge Atlas had written, inter alla (110 Misc 2d 917, 920):
"The Criminal Court clearly has no jurisdiction to take to trial a defendant who * * * has not waived the filing of a sufficient information * * * Without his having provided the court with a basis for exercising such jurisdiction the District Attorney cannot be ready for trial in a misdemeanor case * * *
"Responsibility to confer upon the Criminal Court jurisdiction to try misdemeanor cases rests squarely upon the shoulders of the District Attorney * * *
"[I]t is obvious that the People cannot be ready for trial within 90 days or 60 days of commencement of the actions if they have not converted the complaints to jurisdictionally sufficient informations within those periods”.
I note again the People here concede "the original complaint was never properly deemed an information because it was never supplemented by a non-hearsay supporting deposition”. Such candor is praiseworthy. The concession, however, this court finds, is fatal to the success of the instant motion. As stated in People v Muniz (129 Misc 2d 456, 458 [Crim Ct, Kings County 1985]): "[T]he People cannot answer ready and satisfy their speedy trial obligations if the complaint has not been converted to an information, for without being converted, a jurisdictional impediment exists”.[2]
*429 The People argue that a distinction must be drawn between a case where, as here, a supporting deposition has been filed, which, though invalid, appeared to cure the hearsay within the original complaint and a case in which no supporting deposition whatsoever had been filed. The People rely on People v Twine (supra, 121 Misc 2d 762) as authority for that proposition. This court disagrees with that proposition and finds it to be a distinction without a difference. As noted earlier, a defendant has an absolute right to be prosecuted by information — a nonhearsay document. These defendants never waived that right. The original complaint here "was never properly deemed an information”. The flaw here was not one of form which could be corrected by amendment pursuant to CPL 200.70; rather, it was a substantive error which went to the core of the court’s jurisdiction; the complaining witness did not have personal knowledge of the facts set forth in the complaint and corroborating affidavit. Such a flaw could not be cured by simply offering an amendment of the accusatory instrument making corrections as to "time, place, names of persons and the like” (CPL 200.70 [1]). Clearly CPL 200.70 was never intended to allow the People by way of amendment to *430 "boot-strap” into validity what is concededly an invalid information. To do so would render meaningless the People’s speedy trial obligation.
Further, assuming arguendo, that Twine (supra) stands for the proposition asserted, such logic was not followed by the court in People v Whetson (135 Misc 2d 1 [Crim Ct, NY County], supra) and People v Crittendon (Crim Ct, Bronx County 1984, Cohen, J.). This court finds the reasoning set forth in those cases persuasive.
CONCLUSION
Accordingly, the People’s motion to restore the instant case is denied.

. While it was recognized that the preferred procedure is to reserve decision, allow the trial to conclude, the jury to render its verdict and thén, if a guilty verdict is delivered, to decide the motion, here both the People and the defendants requested the court not to follow that course but render its decision immediately. This request was based on their common belief that to follow the preferred course would adversely affect the defendant’s ability to make a speedy trial motion pursuant to CPL 30.30.

. In order to complete this analysis, a brief digression is in order. In People v Worley (66 NY2d 523 [1985]) the Court of Appeals held that delays resulting from adjournments requested by defendants or to which defendants consented are not chargeable to the People for CPL 30.30 purposes. In making that determination the court analyzed the rationale of People v Sturgis (38 NY2d 625 [1976]) and People v Colon (110 Misc 2d 917 [1981], revd 112 Misc 2d 790 [1982], revd 59 NY2d 921 [1983]); that rationale, as applied to misdemeanors, concluded that delays "resulting from defendant’s
*429 absence or unavailability” were chargeable unless the People demonstrated that defendant’s absence had prevented the People from converting the complaint to an information. In Worley, as noted above, the court refused to apply the Sturgis-Colon principle, finding that "even though defendants’ actions did not prevent the People from obtaining accusatory instruments sufficient for trial, defendants waived the delay in the proceedings by requesting or consenting to them” (supra, at 527).
In the case at bar, there were undoubtedly delays which were requested by the defendants or to which defendants had consented. However, a waiver, to be valid, must be knowingly and intelligently made. Here, the defendants labored under the false assumption that on September 23, 1985 the People had properly converted the complaint to an information with the filing of the Torres affirmation. Therefore, defendants could not have knowingly and intelligently waived their rights pursuant to CPL 30.30 when they requested or consented to adjournments after September 23, 1985.
Further, it is the obligation of the People when responding to an alleged violation of CPL 30.30 to set forth, with specificity and "conclusive proof’, all time which they believe is excludable (People v Berkowitz, 50 NY2d 333, 349). No such effort has been made in the case at bar.
Finally, the People cannot rely on their own repose in investigating this case as an "exceptional circumstance” that qualifies under CPL 30.30 (4) (g) (People v Twine, 121 Misc 2d 762, 765 [Crim Ct, NY County 1983]). When on the witness stand Mr. Torres frankly and openly stated without hesitation that he had not seen the defendant strike him. There is no indication that Mr. Torres had refused to divulge this fact during trial preparation or investigation of the case. Repose by the People certainly is not an "exceptional circumstance”.