OPINION OF THE COURT
Robert H. Straus, J.
In this motion to set aside the verdict, the issue this court *909 must address is whether a complainant’s failure to recognize at trial an accusatory instrument he previously corroborated renders that accusatory instrument jurisdictionally defective and the conviction invalid as a matter of law?
FACTUAL BACKGROUND
The defendant was arrested on October 10, 1988 and charged with assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). On October 14, 1988, the People moved to reduce the charge of assault in the second degree to assault in the third degree (Penal Law § 120.00 [1]). On this date, the People filed a corroborating affidavit from the complainant, Modou Sow, indicating that he had read the accusatory instrument and that the facts contained therein were true.[1]
At the defendant’s trial, defense counsel cross-examined the complainant regarding whether he recalled reading and signing the corroborating affidavit, a copy of which was marked defense "A” for identification and which contains the complainant’s signature. The court obtained a transcript of the complainant’s testimony. A portion of that testimony relevant to this issue is presented below:
"the court: Show it [the corroborating affidavit] to the witness.
"Q Mr. Sow, do you reco[n]gnize [sic] that document?
"A No.
"Q You don’t recognize that?
"A No.
"Q You never seen [sic] that before?
"A No.”
The defendant was convicted by a jury of both assault in third degree and criminal possession of a weapon in the fourth *910 degree. The defendant now moves to set aside the verdict pursuant to CPL 330.30 (1).[2]
THE PARTIES’ CONTENTIONS
The defense asserts that based upon the complainant’s trial testimony, it is apparent the complainant never read the accusatory instrument. The defense argues that the corroborating affidavit signed by the complainant is invalid and, as a result, the accusatory instrument jurisdictionally defective.
The People contend that the fact the complainant did not recognize the corroborating affidavit at trial does not, standing alone, justify the conclusion that the complainant did not read the accusatory instrument before signing the corroborating affidavit. The People suggest instead that faulty memory of the complainant made him unable to recognize a copy of the document he had likely viewed only briefly in the original more than a month prior to trial.
DISCUSSION
At the outset, this court notes that there is no appellate authority on the issue of whether an information properly corroborated pursuant to CPL 100.30 (1) (d) may be rendered jurisdictionally defective by a complainant’s testimony at trial indicating that he or she does not recall either reading or signing the supporting deposition on reading the complaint, or testifies to facts different from those which were corroborated.
In support of his motion to dismiss, the defendant relies on People v Whetson (135 Misc 2d 1 [Crim Ct, NY County 1987]). At the defendant’s trial in Whetson, the complainant was cross-examined about a time discrepancy when comparing his trial testimony with the time of occurrence noted in the accusatory instrument. When shown a copy of the corroborating affidavit, the complainant acknowledged signing it but stated he had never seen the complaint it purportedly corroborated. After the defendant was convicted, he moved to set aside the verdict. The court conducted a hearing and found the complainant had, in fact, never read the accusatory in *911 strument. The court granted the defendant’s motion to set aside the verdict holding that the defendant was denied his right to be tried upon an information pursuant to CPL 170.65 (1) because the accusatory instrument upon which his prosecution was based was never properly corroborated. A similar result was reached by the court in People v Laspina (135 Misc 2d 422 [Crim Ct, Bronx County 1987]) where, during trial, the court granted the defendants’ motion to dismiss the accusatory instrument because of substantial discrepancies between the complainant’s testimony at trial and the facts which were corroborated in the complaint.
The instant case is clearly distinguishable from Whetson (supra) and Laspina (supra) on several grounds. First, in Whetson, the complainant emphatically stated that he had never read the complaint. Here the complainant never testified that he had not read the complaint prior to signing the corroborating affidavit. Rather, his testimony indicates that he merely failed to recognize the corroborating affidavit at trial. In both Whetson and Laspina, the defense was prompted into questioning whether the complainants had read the accusatory instruments because of discrepancies between their testimony at trial and the facts they had previously corroborated. In this case, there were no discrepancies between Modou Sow’s testimony at trial and the facts contained in the complaint. Defense counsel’s cross-examination of the complainant regarding his ability to recognize the corroborating affidavit was thus not an attempt to clarify a factual inconsistency regarding the alleged offense as was the case in Whetson and Laspina. The instant inquiry was clearly a mere fishing expedition because at the time these questions were posed to the complainant, the defense had no basis for believing the complainant had not read the complaint prior to signing the corroborating affidavit. Neither had the defense raised any prior challenge to verification or corroboration.
The court finds the defendant has failed to establish in his motion papers that the information was jurisdictionally defective. The defendant has, however, in the alternative, requested that the court conduct a hearing regarding the circumstances surrounding the execution of the supporting deposition of Modou Sow to determine whether the accusatory instrument was properly corroborated. For the reasons set forth below, the court finds that a jurisdictionally sufficient information has been in existence from the date the corroborating affidavit was filed and thus a hearing on this issue is unnecessary.
*912 The requirements for a jurisdictionally sufficient information are contained in CPL 100.40 (1) which provides:
"An information, or a count thereof, is sufficient on its face when:
"(a) It substantially conforms to the requirements prescribed in section 100.15;[3] and
"(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
"(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
CPL 100.30 prescribes the authorized methods for verification of accusatory instruments. Pursuant to CPL 100.30 (1) (d), an accusatory instrument is verified when "[s]uch instrument * * * [bears] a form notice that false statements made therein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law, and such form notice together with the subscription of the deponent constitute a verification of the instrument.”
In the instant case, the accusatory instrument conformed to all the requirements set forth in CPL 100.15 and 100.40. Additionally, the accusatory instrument was properly verified pursuant to CPL 100.30 (1) (d). Once these requirements have been met, a jurisdictionally sufficient information exists. (See, People v Twine, 121 Misc 2d 762, 766-767 [Crim Ct, NY County 1983].)
In People v Twine (supra), the defendant was charged with petit larceny and criminal possession of stolen property in the third degree. The original pleading stated that based upon information supplied by "Brenda Humphrey”, a Macy’s store detective, the defendant committed the crimes charged at Macy’s on April 23, 1983 at 4:05 p.m. The People then filed a second accusatory instrument alleging that "Brenda Hum *913 phrey” was a store detective of Saks and that the crimes occurred at Saks on April 23, 1983 at 4:05 p.m. A corroborating affidavit signed by Brenda Humphrey was subsequently filed. Several months later, the People filed a third accusatory instrument which alleged that based upon information supplied by "Brenda Bernard”, a Macy’s store detective, these offenses had occurred in Macy’s at the time and date previously indicated. This pleading was accompanied by a supporting deposition from Brenda Bernard filed 99 days after the action commenced.
In Twine (supra), the defendant moved to dismiss the accusatory instrument pursuant to CPL 30.30 alleging that more than 90 days had elapsed before the People filed a jurisdiction-ally sufficient information upon which they could announce present readiness for trial. The court denied the defendant’s motion and held that a jurisdictionally sufficient information had been in existence from the date the second accusatory instrument and corroborating affidavit from Brenda Humphrey were filed. In denying the defendant’s motion, the court found that the accusatory instrument contained no nonwaivable jurisdictional defects notwithstanding the fact that a necessary part of the information was the false supporting deposition of Brenda Humphrey. Rather than dismissal of the charges against the defendant, the court indicated that the appropriate course of action was for the People to prosecute Brenda Humphrey for perjury.
This court agrees with the reasoning of the court in Twine (supra) and finds it applicable to the instant situation in which a jurisdictionally sufficient information existed from the date the corroborating affidavit of Modou Sow was filed, even if the defendant had been able to establish at trial that allegations contained in the accusatory instrument and corroborated by the complainant were not true.
CPL 100.30 (1) (d) specifically authorizes verification of an accusatory instrument by the filing of a corroborating affidavit (signed by the complainant) which contains a notice that false statements are punishable pursuant to Penal Law § 210.45. This section thus clearly entitles both the People and the court to rely on the filing of such a supporting deposition as sufficient proof that the accusatory instrument has been properly verified.
Of course, the defense at trial may establish that allegations contained in a complaint (verified by the complaining witness) *914 are false or inconsistent with trial testimony. In such a case, the defense can certainly utilize the supporting deposition (coupled with the accusatory instrument) as a prior inconsistent statement and mount an attack upon the complainant’s credibility. Additionally, as was suggested by the court in Twine (supra), the People may also seek to prosecute under Penal Law §210.45 any complaining witness who signs a perjurious corroborating affidavit.
For all the foregoing reasons, the defendant’s motion to set aside the verdict is denied.

. The corroborating affidavit which the complainant signed reads as follows:
"Modou Sow of an address known to the D.A.’s Office, County of New York, State of New York, being duly sworn, deposes and says that he has read the Accusatory Instrument filed in the above-entitled action and attached hereto and that the facts therein stated to be on information furnished by him are true upon his personal knowledge.
"False statements made herein are punishable as a Class A misdemeanor pursuant to section 210.45 of the penal law.”

. CPL 330.30 (1) provides that "[a]t any time after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict or any part thereof upon * * * [a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law”.

. CPL 100.15 prescribes the form and content of accusatory instruments and provides that each must contain an accusatory part and a factual part (CPL 100.15 [1]); the accusatory part must designate the offense or offenses charged (CPL 100.15 [2]); and the factual part must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges (CPL 100.15 [3]).