*150 OPINION OF THE COURT
Megan Tallmer, J.
Pursuant to CPL 170.30 and 170.35, defendant has moved to dismiss the information on the ground that it does not allege facts of an evidentiary nature sufficient to support the charges. The legal issue raised by this motion is whether the People may cure an insufficient information by filing a superseding information alleging additional facts.
The original accusatory instrument in this case was a complaint by Inspector Paul Kopelman that defendant willfully neglected and refused to comply with an order of the New York City Fire Commission, a copy of which order was attached to the complaint. Because the complaint failed to set forth any nonhearsay allegations establishing how defendant violated such order, the complaint did not meet the requirements of an information (CPL 100.15 [3]; 100.40 [1]). In response to defendant’s motion to dismiss for insufficiency, however, the People filed a superseding information. That information charges defendant with the same offense as was charged in the initial instrument, but includes factual allegations not found in the first instrument.
Subdivision (1) of CPL 100.50 provides, inter alia, "If at any time before entry of a plea of guilty to or commencement of a trial of an information * * * another information * * * is filed with the same local criminal court charging the defendant with an offense charged in the first instrument, the first such instrument is, with respect to such offense, superseded by the second and, upon the defendant’s arraignment upon the latter, the count of the first instrument charging such offense must be dismissed by the court.” In his Commentary to this section, Judge Bellacosa observes that this subdivision applies the provisions regarding superseding indictments contained in CPL 200.80 to informations (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.50, at 99).
In the only reported decision that directly addresses the issue, Justice Crane concluded that a superseding information must be supported by the factual allegations of the pleading it replaces. (People v Twine, 121 Misc 2d 762, 768 [Crim Ct, NY County 1983].) I respectfully disagree with Justice Crane. Section 100.50 (1) itself imposes no such requirement, in marked contrast to subdivision (2) of section 100.50, which expressly provides that a prosecutor’s information must be supported by the allegations of the factual part of the original *151 information and/or any accompanying supporting depositions. Judge Bellacosa’s Commentary explains that the rationale of limiting a prosecutor’s information is that a prosecutor should not be authorized to file new charges against a defendant predicated merely upon his personal knowledge. That rationale obviously does not apply, where, as here, a superseding information is based on nonhearsay factual allegations by the complainant.
Moreover, it is clear that pursuant to CPL 200.80, an indictment may be superseded by an indictment based on new evidence presented to the Grand Jury. (See, People v Cade, 74 NY2d 410, 413 [1989] [after hearing additional evidence, Grand Jury votes new true bill charging defendant with same crimes as original true bill]; People v Lunney, 84 Misc 2d 1090, 1096 [Sup Ct, NY County 1975] [where the prosecutor seeks a superseding indictment, there is no restriction on the type of evidence to be submitted to second Grand Jury, nor any limitation that second Grand Jury hear only witnesses who were heard by the initial Grand Jury].) Since the language of section 200.80 is identical to that of section 100.50 (1), it follows that a superseding information may be supported by factual allegations not included in the original accusatory instrument.
Other than the requirement that a superseding information be filed prior to entry of a guilty plea or commencement of trial, section 100.50 places no restrictions on the timing of the filing of a superseding information. It thus is proper to file a superseding information in response to a defense motion to dismiss the original instrument for insufficiency. (See, People v Rogers, NYLJ, May 18, 1990, at 23, col 1 [Crim Ct, NY County] [following defense motion to dismiss, the People file affidavit from complainant which, taken together with allegations in amended complaint, is deemed to constitute valid superseding information]; People v Diaz, NYLJ, May 10, 1990, at 27, col 3 [Crim Ct, NY County] [People given permission to file superseding information where factual allegations of original charge were insufficient]; People v Gore, 143 Misc 2d 106 [Crim Ct, Kings County 1989] [when evaluating insufficiency, the court must consider whether amendment, supersession, replacement or conversion is still possible]; see also, People v Van Name, NYLJ, July 9, 1990, at 29, cols 5-6 [Crim Ct, Richmond County] [insufficient information deemed misdemeanor complaint and People permitted to cure by filing *152 nonhearsay supporting deposition].) Defendant’s motion to dismiss for insufficiency accordingly is denied.
Defendant’s speedy trial argument similarly is without merit. There was a delay of 98 days between defendant’s arraignment on the original accusatory instrument on February 2, 1990 and the filing of the superseding information on May 11, 1990. The period from February 2 until April 6 cannot be charged to the People, however, because the two adjournments during this period were consented to by the defense. (See, People v Worley, 66 NY2d 523, 527 [1985].) The period from April 6 to date is excludable because it is attributable to pretrial motion practice (CPL 30.30 [4] [a]). Notwithstanding the filing of a superseding information, the People are entitled to the benefit of periods that were excludable under the original accusatory instrument. (People v Sinistaj, 67 NY2d 236, 239 [1986].) Defendant’s motion to dismiss on speedy trial grounds accordingly is denied.