OPINION OF THE COURT
Joan A. Madden, J.
These cases are consolidated for disposition only. The issue before the court is whether the People are entitled to file *611 superseding informations which contain factual allegations that were not present in the original informations.
These matters were commenced between June 1991 through September 1991 by the filing of the original informations herein, which charged defendant with violations of Administrative Code of the City of New York § 19-105. Each of the informations contained an allegation that defendant failed to erect suitable notices of obstructions at excavation sites. None of the informations contained an allegation of the intersection or the cross street nearest to the obstruction.
According to the court files, a number of these cases were adjourned pending the outcome of a motion to dismiss the complaints in related cases, for facial insufficiency. By order and decision dated October 28, 1991, Hon. Charles J. Heffernan, Jr. dismissed the related dockets holding that the complaints were defective in that they did not contain allegations of the intersections or cross streets nearest to the obstructions as required under Administrative Code § 19-105.
Subsequent to Judge Heffernan’s decision in the related cases, not before this court, the People filed superseding informations herein to correct the defects in the original complaints. The superseding informations contain allegations of the intersections or cross streets nearest to the obstructions.
The defendant now moves for an order dismissing the instant cases contending that the People are not entitled to file superseding informations which contain new factual allegations that were not present in the original complaint. The defendant relies upon People v Twine (121 Misc 2d 762 [Crim Ct, NY County 1983]), CPL 100.50 concerning superseding informations and prosecutor’s informations, and the accompanying staff notes to CPL 100.50 prepared by the Temporary State Commission on Revision of the Penal Law and Criminal Code.
In opposition, the People argue that in the first instance the addition of the intersections and cross streets in the superseding informations are not new factual allegations, but merely add specificity to the initial factual statements of the original informations; and, that even if the allegations of the intersections and cross streets are new facts, a superseding information may be supported by factual allegations not included in the original accusatory instrument. The People rely upon People v Cibro Oceana Term. Corp. (148 Misc 2d 149 [Crim Ct, Bronx County 1990]), which disagreed with the court’s decision in People v Twine (supra) relied upon by the defendant.
*612 The court finds no merit to the People’s contention that the superseding informations amplify the factual allegations of the original informations, rather than allege new facts. Administrative Code § 19-105 requires that notices be erected "at all points of intersections of such street with the cross streets nearest to the obstructions.” The original informations name a street address and allege that no notices were posted on site or in the area. In the related cases, Judge Heffernan held that the failure to allege an intersection or cross street nearest to the obstruction where Administrative Code § 19-105 requires a notice to be posted is a jurisdictional defect, requiring dismissal.
This court agrees with Judge Heffernan’s decision and adopts it herein. Had the People included factual allegations in the original informations of an intersection or cross street, the original informations would not have been facially insufficient. By the filing of the superseding informations, the People are attempting to cure the defect by adding new factual allegations regarding an essential element of the statute. Thus, the additions of the cross streets and intersections where allegedly no notices were erected are clearly new factual allegations not contained in the original accusatory instruments.
The issue now posed is whether the People are entitled to file a superseding information alleging new facts as held in People v Cibro Oceana Term. Corp. (supra) or are barred from doing so under the analysis of People v Twine (supra). The court finds no appellate authority on point.
In People v Cibro Oceana Term. Corp. (supra), the court concluded that a superseding information may be supported by factual allegations not included in the original accusatory instrument, through a comparison of CPL 100.50 (1) and 200.80. These two sections are virtually identical, except that CPL 100.50 (1) refers to informations, whereas CPL 200.80 pertains to indictments. (See, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.50, at 99 [1981].)
CPL 200.80 allows a prosecutor to obtain a superseding indictment, without court authorization, so long as there has already been a valid Grand Jury vote. The superseding indictment may be based upon new or additional evidence not previously submitted to the Grand Jury. (See, People v Cade, 74 NY2d 410 [1989]; People v Lunney, 84 Misc 2d 1090 [Sup Ct, *613 NY County 1975]; People v Cawley, NYLJ, June 14, 1991, at 24, col 3 [Crim Ct, Bronx County].) There is no danger of prosecutorial abuse by the prosecutor re-presenting evidence to different Grand Juries until an indictment is voted, since the first Grand Jury has already voted to indict.
In view of the parallel between CPL 100.50 (1) and 200.80, the court held that since additional evidence may be utilized to secure a superseding indictment, a superseding information may be supported by new factual allegations. (People v Cibro Oceana Term. Corp., supra, 148 Misc 2d, at 151; see also, People v Cawley, supra.)
Unlike People v Cibro Oceana Term. Corp., in People v Twine (supra), the court compared a superseding information to a prosecutor’s information, and concluded that a superseding information was bound by the same limitations as a prosecutor’s information under CPL 100.50. Thus, a superseding information, like the prosecutor’s information, must be supported by the factual allegations of the pleading it replaces. However, this court finds no statutory authority for said conclusion.
CPL 100.50 (1), as it applies herein, explains the filing of a superseding information charging the defendant with an offense charged in the original information. CPL 100.50 (2) permits the filing of a prosecutor’s information charging the defendant with new offenses not charged in the original information and specifically limits the new offenses to charges supported by the factual allegations of the original information. There is no such statutory limitation on superseding informations under CPL 100.50 (1).
The different requirements for superseding informations and prosecutor’s informations lie in the different functions performed by the instruments. An information is "a verified written accusation by a person,” and serves "as a basis both for the commencement of a criminal action and for the prosecution thereof in a local criminal court.” (CPL 100.10 [1].) On the other hand, a prosecutor’s information, "is a written accusation by a district attorney,” and "serves as a basis for a prosecution of a criminal action, but it commences a criminal action only when it results from a grand jury direction issued in a case not previously commenced in a local criminal court.” (CPL 100.10 [3].) It is normally used as a superseding instrument, and its purpose is to allow a District Attorney dissatisfied with the drafting of the original instrument to supersede *614 it. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.50, at 99 [1981].)
The functional difference between the two is reflected in the corresponding sections of the Criminal Procedure Law defining the form and content of each instrument. CPL 100.15 (1) requires an information to be "subscribed and verified” by a complainant, and contain an accusatory part and a factual part. "The accusatory part of each such instrument must designate the offense or offenses charged.” (CPL 100.15 [2].) "The factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character”, and, "every element of the offense charged * * * must be supported by non-hearsay allegations of such information and/or any supporting depositions.” (CPL 100.15 [3]; see also, CPL 100.40 [1].)
A prosecutor’s information "must be subscribed by the district attorney by whom it is filed * * * [I]t should be in the form prescribed for an indictment * * * and must, in one or more counts, allege the offense or offenses charged in a plain and concise statement of the conduct constituting each such offense.” (CPL 100.35.) Since a prosecutor’s information is generally an instrument which supersedes another, and does not commence a criminal action unless filed at the direction of a Grand Jury, unlike an information, it does not contain sworn allegations of fact supporting each element of the offenses charged.* For these reasons, CPL 100.50 (2) limits offenses which may be charged in the prosecutor’s information to those supported by the factual allegations of the original information and/or any supporting depositions which accompany it.
The rationale for preventing the District Attorney from adding new offenses in a prosecutor’s information based on new or extraneous facts which have come to light after the filing of the original information is that the "original evidentiary allegations constitute the basis for the charge or charges, and that a prosecutor should not be authorized to file new — or any — charges against a defendant predicated merely upon his personal knowledge.” (Commn Staff Notes, reprinted following NY Cons Law Serv, Book 7A, CPL 100.50, at 57; Bellacosa, Practice Commentary, op. cit, at 99.) When a superseding *615 information is not a prosecutor’s information, no such danger exists, since an information, by definition, must contain a factual and an accusatory part. (CPL 100.15 [l]-[3]; 100.40 [1].)
In the present cases, there can be no abuse of process where the People filed superseding informations, rather than prosecutor’s informations, since the superseding informations contain sworn allegations of fact, subscribed and verified by a complaining witness which support each and every element of the crimes charged. The new factual allegations of the cross streets or intersections nearest to the obstructions are non-hearsay allegations. The superseding informations were properly filed before entry of a plea of guilty, the commencement of trial (see, CPL 100.50 [1]), or dismissal of the original information (see, People v Rhames, NYLJ, Feb. 28, 1992, at 27, col 5 [Crim Ct, Bronx County]). Thus, the court follows People v Cibro Oceana Term. Corp. (supra) and holds that the People were entitled to file superseding informations which contain factual allegations that were not present in the original informations.

 When the prosecutor’s information is filed at the direction of a Grand Jury it commences an action and the sworn testimony of the Grand Jury serves the same function as the sworn allegations of fact in an information.