■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK SINISTAJ, Respondent. — Order of the Supreme Court, Bronx County (Salman, J.), entered March 22, 1983, dismissing indictments numbers 3764/81 and 2646/82 on the ground that defendant was denied his statutory right to a speedy trial, is modified, on the law, to the extent of reinstating indictment number 3764/81 and remanding for further proceedings, and the order is otherwise affirmed.

On October 21, 1981, a felony complaint was filed charging defendant with burglary and related crimes. On November 20, 1981, another felony complaint was filed charging defendant with criminal possession of a weapon in the third degree, coercion and related crimes arising from defendant's threats to kill the victim of the burglary.

By indictment number 3764/81, filed December 3, 1981, defendant was charged with burglary in the second degree, grand larceny in the second degree, two counts of attempted coercion in the first degree and criminal possession of a weapon in the third degree under Penal Law § 265.02 (4). By indictment number 2646/82, filed July 13, 1982, defendant was charged with criminal possession of a weapon in the third degree, under a different theory, pursuant to Penal Law § 265.02 (1). This indictment superseded the December 1981 indictment as to the weapon

possession count. By motion dated September 29, 1982, and returnable October 5, 1982, defendant moved for dismissal of the indictments on the ground of the State's failure to comply with his speedy trial rights under CPL 30.30. The court ruled that the time charged to the People ran from the filing of the complaints on October 21, 1981 and November 20, 1981 to the date of the filing of the speedy trial motion, September 30, 1982. Defendant was at liberty throughout this time.

After excluding periods of time for the filing and consideration of defense motions, the court charged the People with 243 days and 213 days, respectively, accruing from the time of the filing of the complaints on October 21 and November 20, 1981, and, therefore, dismissed both indictments.

CPL 30.30 provides that the People must be ready for trial on a felony action within six months of the filing of an accusatory instrument. The relevant accusatory instruments in this case are the felony complaints filed October 21 and November 20, 1981. (*See, People v Lomax,* 50 NY2d 351, 355-356.) Among the periods of time to be excluded from the maximum six months are reasonable delays resulting from pretrial motions and the periods during which they are under consideration by the court (CPL 30.30 [4] [a]) and periods of delay "resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel" (CPL 30.30 [4] [b]).

On indictment number 3764/81 the court below erred in charging the People with certain periods of time where the court had granted continuances with the explicit consent of defendant's counsel. For instance, the period of time from December 7, 1981 to January 11, 1982, a period of 34 days, should have been excluded. Although the People were not ready at that time, defense counsel clearly consented to an adjournment when he stated that he would be on trial for the balance of December and himself suggested an adjourned date of January 11, 1982. A subtraction of these 34 days from the chargeable time calculated by the court leaves 210 and 179 days, respectively, from the filing of the complaints. On April 2, 1982, defense counsel requested time to make a supplemental motion and requested an adjournment until April 29, 1982. The court, therefore, erred in charging the People with the time period April 2 to April 16, 1982. These 14 days subtracted from the remaining chargeable time leaves a total of 205 and 175 days, respectively. The 32-day period from July 19 to August 20, 1982 was also erroneously charged to the People. When the Assistant District Attorney present that day stated that the case had to be reassigned, counsel responded by saying that he had "no objection to giving

the People as much time as they liked." Having clearly consented through his counsel to the adjournment, defendant cannot now attempt to seek the protection of the speedy trial statute, especially when the statute specifically excludes periods of delay to which defendant or his counsel consented. Deducting this 32-day period from the remaining days leaves a total of 163 and 133 days, respectively, from the filing of the complaints. Since this period of time is well under six months, the trial court erroneously dismissed indictment number 3764/81.

The trial court, however, was correct in dismissing indictment number 2646/82, which accused defendant of criminal possession of a weapon in the third degree and superseded the fifth count of the original indictment charging a weapons offense, but under a different theory. As the felony complaint was filed on November 20, 1981, the six-month ready period within which the People were required to be ready with respect to this indictment elapsed on May 20, 1982, and the indictment must be dismissed unless the delay is excludable. However, this indictment was not even filed until July 13, 1983. The record reveals absolutely no explanation for the People's failure to seek this superseding indictment for more than seven months. As the People could not have been ready for trial on the superseding indictment within six months, since the indictment had not even been filed, the periods of time excluded under the original indictment, though occurring during this seven-month period, are simply inapplicable to this indictment. The cases to the contrary cited by the People (*People v Robinson,* NYLJ, Nov. 25, 1983, p 13, col 4 [Sup Ct, NY County]; *People v Twine,* 121 Misc 2d 762, 769; *People v White,* 115 Misc 2d 800, 803) do not involve a superseding indictment charging a different theory or different alleged facts from the original indictment. Accordingly, the dismissal of this indictment is affirmed. Concur — Carro, J. P., Bloom, Fein, Kassal and Ellerin, JJ.