■ The People of the State of New York, Respondent, v Elvin Howe, Appellant.—Judgment affirmed *(see, People v Runion,* 107 AD2d 1080). Callahan, J. P., Doerr, O'Donnell and Pine, JJ., concur.

Green, J., concurs in the following memorandum: I concur in the result only. I write separately to clarify my view that the mere announcement of readiness for trial by a prosecutor

does not satisfy the People's obligation under CPL 30.30. It is not enough for the People to simply state on the record their readiness for trial; they must also be able to substantiate such an assertion *(see, People v Dean,* 45 NY2d 651, 656; *People v Pardner,* 90 AD2d 987). This is the only way a reviewing court may ascertain whether the prosecutor has "effectively" announced his readiness for trial *(People v Brothers,* 50 NY2d 413, 417). When the prosecutor makes his statement of readiness, the People must "in fact" be ready to proceed *(People v Kendzia,* 64 NY2d 331, 337). Although various circumstances occurring after the People announce their readiness for trial may not provide a basis for dismissal pursuant to CPL 30.30 *(People v Giordano,* 56 NY2d 524, 525), the People, nevertheless, must be able to substantiate that they were in fact ready for trial at the time they made the announcement. "An assertion of readiness without substantiation, if allowed to excuse needless delay, could make a mockery of CPL 30.30". *(People v Williams,* 67 AD2d 1094, 1095.)

Where, as here, the People announce their readiness for trial at defendant's arraignment before the prosecutor has had an opportunity to respond to defendant's discovery demands, the possibility that the announcement is a sham is increased, particularly in view of the fact that by simply announcing their readiness at an early stage of the proceedings, the prosecution avoids having any delay in furnishing discovery charged to the People (CPL 30.30 [4] [a]; *People v Runion,* 107 AD2d 1080). When the prosecutor announces he is ready for trial, he makes a commitment to the court and to the defendant that he is ready to present a prima facie case. The prosecutor must be held accountable for this commitment if the defendant's right to a speedy trial is to have any force and effect. Since, in the instant case, it is not clear that the announcement of readiness was a sham, the judgment must be affirmed. Of course, this does not preclude a different result, in a different case, based upon different proof. (Appeal from judgment of Supreme Court, Monroe County, Houston, J.— criminal mischief, third degree.) Present—Callahan, J. P., Doerr, Green, O'Donnell and Pine, JJ.