OPINION OF THE COURT
Zelda Jonas, J.
Defendants Leslie Salley and Alan Singleton have made motions to dismiss the accusatory instruments filed against them herein, on the ground that their speedy trial rights have been violated.
On May 28, 1985, three felony complaints bearing index Nos. 2639-2641 were sworn out against the defendants charging them with the commission of criminal conduct on that day.
They were charged with one count of violating Penal Law § 170.70 (3) (b) (illegal possession of a vehicle identification number plate), and two counts of violating Penal Law § 164.45 (1) (criminal possession of stolen property in the second degree), three class E felonies.
On October 31, 1985, upon the application of the District Attorney pursuant to CPL 180.50, the aforementioned felony charges were reduced. The defendants were arraigned on prosecutor’s informations which charged defendant Salley, under index No. 28693/85, and defendant Singleton, under index No. 28694/85, with two counts of violating Penal Law § 165.40 (criminal possession of stolen property in the third degree) and one count of violating Penal Law §§ 110.00, 170.70 (attempted illegal possession of vehicle identification number plate), three class A misdemeanors. The new charges were also based on the commission of criminal conduct claimed to have taken place on May 28, 1985. The prior felony charges were then dismissed.
On March 27, 1986, the defendants were arraigned on District Court informations which charged defendant Salley, under index No. 7230-86, and defendant Singleton, under index No. 7229-86, with two counts of violating Penal Law § 165.05 (1) (unauthorized use of a motor vehicle in the third degree) and one count of violating Penal Law § 140.35 (possession of burglar’s tools), which are class A misdemeanors. The informations also charge one count of violating Penal Law §§ 110.00, 165.09 (attempted auto stripping in the second degree), and one count of violating Penal Law § 110.00/155.25 *449 (attempted petit larceny), both class B misdemeanors. These informations also were based on activities claimed to have taken place on May 28, 1985.
Defense counsel has represented that when the People filed the third accusatory instruments herein, the informations, the District Attorney took the stance that this was an "amendment” of the prosecutor’s informations, but the District Attorney later stated that the informations were not an "amendment” but rather were "supplemental informations”.
The court hereby dismisses the five counts contained in the informations bearing index Nos. 7229-86 and 7230-86 filed against defendants Salley and Singleton. There was no authority for the filing of said informations.
The assertion that they were "supplemental informations” is without merit. There is no statutory authority for a "supplemental information” and that term is an unknown entity in the field of criminal law.
The claim that the informations constitute an "amendment” of the prosecutor’s informations is also without credence.
Pursuant to CPL 100.45 (2), the provisions of section 200.70 governing amendment of indictments apply to prosecutor’s informations.
As set forth in CPL 200.70, "the court may, upon application of the people and notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution * * * or otherwise tend to prejudice the defendant on the merits”. "An indictment may not be amended in any respect which changes the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed it; nor may an indictment or a superior court information be amended for the purpose of curing * * * [a] failure thereof to charge or state an offense”.
Joseph W. Bellacosa has stated in the Practice Commentary to McKinney’s Consolidated Laws of NY, Book 11 A, CPL 200.70 that amendments to indictments are limited to defects, errors or proof variances relating to matters of form. Anything in an indictment which is significant, substantive or a change in theory of prosecution or of counts may not be amended.
In People v Lugo (122 Misc 2d 316 [1983]), the court said *450 that section 200.70 was enacted to allow purely technical changes, provided these changes did not deprive defendants of their rights. An indictment may not be changed by amendment in significant or substantive ways.
Here, the court has determined that the informations cannot be considered valid "amendments” to the prosecutor’s informations within the statutory meaning.
In comparing the charges contained in the prosecutor’s informations with those in the informations, it is apparent that the differences go far beyond the permissible modifications as to matters of form.
The instant informations vary widely and substantially from the prosecutor’s informations and change the theories of the prosecution, which is prohibited by section 200.70. It appears that the District Attorney was attempting, by the filing of the most recent accusatory instruments, to cure a failure to charge or state offenses in the earlier prosecutor’s informations, in contravention of section 200.70. Thus, the informations cannot be considered valid "amendments” of the previous prosecutor’s informations.
Neither can the informations be viewed as "superseding” the prosecutor’s informations. CPL 100.50 sets out the guidelines for superseding informations and prosecutor’s informations.
The statute states, in pertinent part:
"1. If at any time before entry of a plea of guilty to or commencement of a trial of an information or a prosecutor’s information, another information or, as the case may be, another prosecutor’s information is filed with the same local criminal court charging the defendant with an offense charged in the first instrument, the first such instrument is, with respect to such offense, superseded by the second and, upon the defendant’s arraignment upon the latter, the count of the first instrument charging such offense must be dismissed by the court. The first instrument is not, however, superseded with respect to any count contained therein which charges an offense not charged in the second instrument.
"2. At any time before entry of a plea of guilty to or commencement of a trial of an information, the district attorney may file with the local criminal court a prosecutor’s information charging any offenses supported, pursuant to the standards prescribed in subdivision one of section 100.40, by the allegations of the factual part of the original information *451 and/or any supporting depositions which may accompany it. In such case, the original information is superseded by the prosecutor’s information and, upon the defendant’s arraignment upon the latter, is deemed dismissed.”
Subdivision (1) does not apply to the case at bar. That subdivision contemplates an information being followed by the filing of "another” information, or a prosecutor’s information being followed by the filing of "another” prosecutor’s information. This is in contrast to the present situation where a prosecutor’s information was followed by the filing of an information.
Further, the present case departs from the statutory framework in that the initial and subsequent accusatory instruments do not charge any violation of the Penal Law in common. An entire set of different charges was lodged under the informations as compared with the prosecutor’s informations.
Neither does subdivision (2) of section 100.50 apply here. That subdivision addresses the situation where an information is initially filed and followed by the filing of a prosecutor’s information. However, in the instant matter, prosecutor’s informations preceded the filing of informations.
The transactions in these proceedings do not fall within the scope of section 100.50. Therefore, there is no way that the third accusatory instruments filed herein can be properly viewed as "superseding” the earlier prosecutor’s informations.
There was no foundation, under the CPL, for the filing of the informations in this case, which were based on criminal activities all alleged to have taken place on May 28, 1985 and which sprung from the same incident, in view of the fact that prosecutor’s informations had previously been filed. Thus, the informations filed against defendants Singleton and Salley (index Nos. 7229-86 and 7230-86) are accordingly dismissed.
The remaining issue of whether there has been a violation of the defendants’ speedy trial rights in connection with the prosecutor’s informations must be addressed.
It must be noted that CPL 1.20 (16) sets forth that a "criminal action” commences with the filing of an accusatory instrument against a defendant in a criminal court and includes the filing of all further accusatory instruments directly derived from the initial one.
Pursuant to CPL 1.20 (17), a "criminal action” is "commenced” by the filing of an accusatory instrument against a *452 defendant in a criminal court, and if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed.
The rule of People v Lomax (50 NY2d 351) is also to be applied in this case. In an instance where defendant claims that he has been deprived of his CPL 30.30 speedy trial rights, the date upon which he was first arraigned and the first accusatory instrument in the criminal action presumably was filed is the starting point for analyzing the claim, since the People must be ready for trial within six months of "the commencement of a criminal action” under section 30.30 (1) (a), the action commences by the filing of an accusatory instrument and where more than one accusatory instrument is filed in the course of the action, under section 1.20 (17) it commences when the first of such instruments is filed. There can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action.
In People v McBride (126 Misc 2d 272 [1984]), the court held that the statutory provisions that there can be only one criminal action agajnst the defendant arising out of a particular incident have the effect of protecting an accused against the danger and unfairness of an indefinite, continuous and uncertain prosecution, and such provisions cause the time for trial to commence when the first accusatory instrument is filed and to run during any gaps and delays in the prosecution.
In the instant matter, the time frame within which the People must be ready for trial is contained in CPL 30.30 (5) (c), to wit: "For purposes of this section * * * where a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor complaint pursuant to article 180 or a prosecutor’s information is filed pursuant to section 190.70, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument; provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the new accusatory instrument exceed six months, the period *453 applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed”.
The motion papers here reveal the existence of factual disputes between the prosecutor and defense counsel regarding the computation of excludable periods, the reasons for various delays, and at whose request adjournments were allowed.
Thus, the motion is granted to the extent that a hearing is ordered to be held on (date) at (time) to determine whether there has been a violation of speedy trial rights, insofar as the remaining prosecutor’s informations (index Nos. 28693/85 and 28694/85).