OPINION OF THE COURT
Dynda L. Andrews, J.
On the eve of trial, 318 days after defendant was arraigned *835 on a felony complaint alleging he beat and punched the complaining witness, causing specified injuries, the prosecutor filed a new information charging that defendant beat and punched the complaining witness with a metal pipe and his fists and slashed him with a knife, causing the same specified injuries. The new information superseded an original assault charge and joined two previously uncharged weapons possession crimes.
While People v Sinistaj (67 NY2d 236, 239 [1986]) holds that there is no "logical reason why, when a subsequent indictment is related back to the commencement of the proceeding for purposes of applying the six-month limitation prescribed by CPL 30.30 (1) (a), it should not also be related back for the purpose of computing the time to be excluded from that limitation [pursuant to CPL 30.30 (4)] [n omitted]”, research reveals no published decision addressing the effect of such a last-minute filing on the prosecutor’s prior statements of readiness made for the purpose of having time excluded from the CPL 30.30 limitation.
The prosecutor in the case at bar urges, without distinguishing between the superseded assault and newly added weapons charges, that the People are chargeable with, at most, 83 days of the applicable 90-day period (CPL 30.30 [1], [5]). This argument is based on the prosecutor’s position that any time previously excluded, based on a prior statement of readiness, must be excluded under People v Sinistaj (supra) without consideration of whether that prior statement of readiness could be substantiated at the time it was made.
Defendant counters that all time from June 24, 1991, is chargeable to the prosecutor on both the assault and the newly added weapons possession charges, arguing that People v Sinistaj (supra) does not apply where, as here, the prosecutor radically changes the theory of the case, because any statements of readiness prior to March 31, 1992, the date the new factual allegations and charges were made, were not made in good faith and could not be substantiated.
Defendant urges that the long delay in alleging the new facts and advancing the new theory of the alleged assault, which also led to the joining of the added weapons possession charges, demonstrates that the prosecutor had not in fact performed the investigation, analysis and legal research required to substantiate any good-faith claim that the prosecutor was ready to try the instant case (citing People v Reid, 110 Misc 2d 1083 [Crim Ct, NY County 1981]).
*836 A. Underlying Facts
The original felony complaint in the case at bar, charging defendant with assault in the second degree (Penal Law § 120.05 [1]), and assault in the third degree (Penal Law § 120.00 [1]), alleged that defendant, on May 16, 1991, at approximately 3:20 p.m., at 1851 Schieffelin Place, Apt. 1-D, "did beat and punch [Carl Wilson Jr.] about the face and head and did cause injury to [Wilson’s] hand and arm and teeth. [Wilson] suffered a completely swollen left eye, which was black and blue; lacerations to his hand and forearm, which were bleeding, and loosened teeth”.
Defendant was arraigned on the two assault charges on May 17, 1991. On June 24, 1991, the prosecutor dismissed the felony assault charge for reasons which are not clear from the record.
The complaint was converted to an information on July 31, 1991 upon filing of an affidavit by the complaining witness simply affirming the contents of the original felony complaint. On July 31, the People consented to a "Huntley hearing” and the case was adjourned on the court’s motion to September 26, and then on defense counsel’s motion to October 4.
On October 4, the prosecutor had no file and the case was adjourned to October 28. The suppression motion was denied after hearing on October 28, and the case was adjourned to November 25 for trial, on which date the complaining witness was absent. The case was adjourned to December 18 with one day marked charged to the People, apparently based on a representation that the prosecutor would be ready to try the case on the next day.
On December 18, the court had no Trial Parts available and defendant requested an adjournment. Time was marked excluded to February 10.
The prosecutor did not have all required medical records on February 10, or on the next adjourned date, March 25, on which date the complainant also was unavailable. The court adjourned the matter for one day, marking it "Final” pursuant to CPL 30.30, and precluding the prosecution, in the event of trial, from using any medical records it had not previously turned over.
There were no Trial Parts available until March 30, when the case was sent out for trial.
Prior to commencement of trial on March 30, the prosecutor *837 filed and then withdrew a document entitled "superseding information,” charging assault in the third degree (Penal Law § 120.00 [1]) and two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). The "superseding information” alleged that defendant, on "May 14, 1991 [sic],” at approximately 3:20 p.m., at 1851 Scheiffelin Avenue, Apt. 1-D,
"did beat and punch [Carl Wilson Jr.] about the face and head with a metal pipe and his fists which did cause [Wilson’s] left eye to swell completely shut, and did cause said eye to turn black and blue and said blows did loosen and chip [Wilson’s] teeth * * *
"[Defendant did cause lacerations to [Wilson’s] hand and fore arm [sic] by slashing [Wilson] with a knife.”
The trial was put over to the following morning, at which time the prosecutor refiled the above-quoted "superseding information.” The case was adjourned for any written applications.
Defendant applied for various relief, including dismissal pursuant to CPL 30.30. The prosecutor made no applications.
B. Superseding Assault and Compulsorily
Joinable Weapons Charges
To properly address the CPL 30.30 issue, it is necessary to clarify the nature of the new charges.
Neither the accusatory nor factual parts of the original information reflect in any way that weapon/s were possessed or used in connection with the incident alleged. Indeed, no such facts or crimes were alleged or adverted to until March 30, 1992, when the "superseding information,” alleging new facts and including new charges, was filed and withdrawn, and then refiled on March 31,1992.
The "superseding information” in the case at bar does "supersede” the assault charge (Penal Law § 120.00). However the two weapons counts fall within neither of the authorized procedures for filing superseding informations:
"1. If at any time before entry of a plea of guilty to or commencement of a trial of an information or a prosecutor’s information, another information or, as the case may be, another prosecutor’s information is filed with the same local criminal court charging the defendant with an offense charged *838 in the first instrument, the first such instrument is, with respect to such offense, superseded by the second and, upon the defendant’s arraignment upon the latter, the count of the first instrument charging such offense must be dismissed by the court. The first instrument is not, however, superseded with respect to any count contained therein which charges an offense not charged in the second instrument.
"2. At any time before entry of a plea of guilty to or commencement of a trial of an information, the district attorney may file with the local criminal court a prosecutor’s information charging any offenses supported, pursuant to the standards prescribed in subdivision one of section 100.40, by the allegations of the factual part of the original information and/or any supporting depositions which may accompany it. In such case, the original information is superseded by the prosecutor’s information and, upon the defendant’s arraignment upon the latter, is deemed dismissed.” (CPL 100.50.)
The first subdivision of CPL 100.50 contemplates a superseding information charging the same offense, perhaps based on different or more complete factual allegations; the second contemplates different offenses charged based on the same facts. (See, People v Twine, 121 Misc 2d 762, 768 [Crim Ct, NY County 1983] ["supersede” not defined in CPL; only effect of filing set out in CPL 100.50]; see also, People v Cibro Oceana Term. Corp., 148 Misc 2d 783 [Crim Ct, Bronx County 1990] [superseding information need not be supported by factual allegations of instrument it supersedes].)
Neither subdivision of CPL 100.50 provides for "supersedure” on new facts and new charges. (Compare, People v Salley, 133 Misc 2d 447 [Nassau Dist Ct 1986] [succeeding informations which varied widely and changed prosecutor’s theory of case held not "superseding”, "supplemental” or properly amendatory].)
The assault charge is the only charge in the case at bar which has been superseded pursuant to CPL 100.50.
The weapons charges, while not "superseding” counts, are compulsorily joinable with the original and superseding assault charge; separate, successive trials of the assault and weapons charges would violate double jeopardy protections (US Const 5th Amend; NY Const, art I, § 6; CPL art 40).
In other words, to prosecute defendant on all three charges in the instant case, the prosecutor had/has to proceed in a single trial. This factor is relevant in determining the prose *839 cutor’s ability to substantiate its actual readiness for trial (see, discussion infra).
C. The CPL 30.30 Application
The original charges in this case were reduced to a single misdemeanor (Penal Law § 120.00 [1]), on June 24, 1991. The misdemeanor complaint was corroborated and converted to an information on July 31, 1991, on which date the prosecutor announced that the People were ready for trial on the record. Thereafter, the People continued, for the most part, to claim to be ready for trial, and various trial preparation activities were completed.
Determination of defendant’s CPL 30.30 motion requires determination, first, of whether the "relation-back” rule of People v Sinistaj (supra) is applicable to the facts in the case at bar; and, if the Sinistaj "relation-back” rule is applicable, whether prior statements of readiness should automatically result in exclusion of time for CPL 30.30 period only when they can be substantiated and reflect actual readiness for trial.
1. Applicability of People v Sinistaj to All Charges
In People v Sinistaj (supra), the Court of Appeals reinstated an indictment dismissed by the trial court, holding "prereadiness” time excludable pursuant to CPL 30.30 (4) on an original indictment to also be excludable on a "successive” indictment.* (People v Sinistaj, 67 NY2d 236, supra, revg 111 AD2d 41 [1st Dept 1985].) The underlying Supreme Court determination is not reported.
Defendant Sinistaj was charged in a felony complaint dated October 21, 1981, with burglary and related crimes. (111 AD2d, supra, at 43.) On November 20, 1981, another felony complaint was filed accusing the defendant, allegedly previ *840 ously convicted of a crime, with threatening to kill the victim of the burglary and possessing a weapon (67 NY2d, supra, at 241-242 [dissenting opn, Alexander, J.]).
The accusatory part of the felony complaint and subsequent indictment on December 3, 1981, "mistakenly” charged defendant with violation of Penal Law § 265.02 (4) (possession of a firearm outside one’s home or place of business), although the felony complaint apparently clearly indicated that the incident occurred at defendant’s business office. It apparently "should” have charged violation of Penal Law § 265.02 (1) (possession of a firearm by a person previously convicted of a crime) based on defendant’s alleged prior conviction. (67 NY2d, supra, at 238.)
A "subsequent” or "successive” indictment, filed July 13, 1982, corrected the "mistak[e]” by charging defendant with violation of Penal Law § 265.02 (1). (Supra.)
The Sinistaj trial court granted a defense motion to dismiss all charges with respect to both incidents, on CPL 30.30 grounds. (Supra.)
The Appellate Division reinstated the burglary indictment but upheld the CPL 30.30 dismissal of the gun possession indictment, which it termed "superseding,” criticizing the prosecutor’s failure to offer any explanation for the seven-month delay in seeking the new indictment which, the Appellate Division held, changed the prosecutor’s theory of the case.
The Court of Appeals reversed, reinstating the gun possession indictment and holding, with respect to the CPL 30.30 computation, that time which was excludable pursuant to CPL 30.30 (4) on the original indictment is excludable on the second indictment. (67 NY2d, at 239.) Stressing the purpose of CPL 30.30 the Sinistaj majority opined: "[Ojur construction * * * is entirely consistent with the purpose of CPL 30.30 as a prosecutorial readiness rule. Nor is the construction unfair to defendant * * * The issuance of a successive indictment neither affords [the prosecutor] additional excludable time nor does it renew, toll, or in any way supplement that single, six-month limitation which always commences to run upon the filing of the initial accusatory instrument.” (Supra, at 240-241.)
The broad and comprehensive "relation-back” rule of People v Sinistaj (supra), and its interpretation of CPL 30.30 as a prosecutorial readiness mechanism applies, by its terms and rationale, to the superseding and new charges in the case at *841 bar. All of the charges in the case at bar relate back to June 24, 1991, for the purposes of CPL 30.30 (1); accordingly, excludable time pursuant to CPL 30.30 (4) must also be related back.
2. Time Computation
The prosecutor urges that all time previously marked "excluded” is excludable on this application — for a total of 83 days of chargeable time by the prosecutor’s calculation. The court determines that this period is actually 89, not 83, of the applicable 90-day period. (CPL 30.30 [5] [d].)
However, the amount of "excludable” time in the case at bar to be related back pursuant to People v Sinistaj (supra) is not simply a matter of computing time based on the date/s the prosecutor previously stated ready or the court marked time excluded or not excluded based on such statements.
The determination of what time is excludable must be made with proper regard for the Sinistaj emphasis on interpreting CPL 30.30 as a prosecutorial readiness rule (see, discussion supra). Time previously marked "excluded”, based on the prosecutor’s representations of readiness which could not be substantiated and did not reflect actual fact, was not properly excluded at the time. It cannot be "related back” in determining a CPL 30.30 motion to dismiss based on eleventh hour additions of factual allegations and charges.
For time excluded pursuant to prior statements of readiness to relate back, the prosecution must be able to demonstrate that it could substantiate those statements when they were made; the statements must have been bona fide. (People v Kendzia, 64 NY2d 331 [1985] [readiness must be actual and present]; People v Hargro, 144 AD2d 971 [4th Dept 1988] [prosecutor must be able to substantiate that People are in fact ready to proceed], lv denied 73 NY2d 892 [1989]; People v Greenwaldt, 103 AD2d 933 [3d Dept 1984] [unsubstantiated statement of readiness cannot be used to make mockery of CPL 30.30]; People v Williams, 67 AD2d 1094 [4th Dept 1979] [unsubstantiated assertion of readiness, if allowed to excuse needless delay, could make mockery of CPL 30.30]; People v Williams, 146 Misc 2d 866 [Sup Ct, Bronx County 1990] [People unwilling to proceed to trial prior to CPLR article 78 review of determination of pretrial suppression of knife held to indicate lack of actual, bona fide readiness].)
Holding the prosecutor to the Sinistaj "prosecutorial readiness” interpretation, the prior statements of readiness in the *842 case at bar not only were and are not bona fide and not substantiated by the facts; they are flatly belied by them. (Compare, People v Rodriguez, 150 AD2d 265 [1st Dept 1989] [added charges in superseding information barred on CPL 30.30 grounds]; People v Johnson, 112 AD2d 1 [4th Dept 1985] [People’s prior statement of readiness on rape and burglary charges did not apply to added robbery charge]; People v Cruz, 111 AD2d 725 [1st Dept 1985], lv denied 66 NY2d 614 [1985], 67 NY2d 650 [People’s prior answer of ready to some charges not effective as to subsequently added charges].)
Stated directly, the prosecutor was not ready for trial in the case at bar, in even the most elementary sense of speaking to the complaining witness about the case, until at least March 30, 1992. (Cf., People v Cole, 73 NY2d 957 [1989] [statement of readiness "illusory” because People unable to contact complaining witness]; People v Ossa, NYLJ, Sept. 24, 1991, at 24, col 4 [Crim Ct, Kings County] [prosecutor’s negligence in ascertaining facts from complainant vitiated statement of readiness].)
There apparently was not sufficient contact with the complaining witness in the case at bar to ascertain that the rather substantial injuries, which would appear to meet the criteria for a felony assault, allegedly were sustained through the application of weapons. As a consequence, the prosecution failed to allege facts which would support, or to charge, possession of the alleged pipe and knife. The weapons possession charges have to be tried, if at all, with the assault charge, to avoid the proscription of double jeopardy.
Prosecutorial inaction in failing to add these charges and bring them to readiness with the original charge (including advising defendant of them and affording defendant an opportunity to conduct, inter alla, discovery and motion practice with respect to them) before the eve of trial constitutes a prosecutorially created insurmountable impediment to commencement of trial (see, People v McKenna, 76 NY2d 59 [1990] [postreadiness delay in providing minutes required for trial]).
An impermissible "tolling” or "supplementation” (People v Sinistaj, 67 NY2d, supra, at 240) of the CPL 30.30 period would occur if the prosecutor were allowed to claim to be ready for trial while being unwilling to proceed to trial until subsequently added charges could simultaneously be tried.
Examination of the facts in the case at bar leads ineluctable to the conclusion that the only statement of readiness in this *843 case which could be substantiated was the one which occurred on March 31, 1992, when the prosecutor filed the superseding assault charge and the added weapons possessions charges. (See, People v Howe, 116 AD2d 990 [4th Dept 1986] [concurrence of Green, J., opines that possibility of "readiness” statement being "sham” is increased where prosecutor states "ready” at arraignment before responding to discovery].)
On facts similar to those in the case at bar, then-Criminal Court Judge Stephen Crane addressed the prosecutor’s post-90 days’ filing of a superseding information charging a reckless assault in addition to the originally charged intentional assault (People v Reid, 110 Misc 2d 1083 [Crim Ct, NY County 1981]). Eve-of-trial filing of a superseding information alleging a different theory of the case, Justice Crane held, indicated a lack of readiness, whatever the prosecutor previously may have announced to the contrary: "[T]he prosecutor’s readiness obligation is not an idle compendium of words. Had the prosecution truly been ready for trial when it announced ready, had the investigation, analysis and legal research been completed beforehand, the prosecutor’s information would have been filed much earlier, without any extra effort. Then, any additional discovery owing to defendant could have been completed and the consequent delay minimized. The interests of swift and sure justice require no less.” (Supra at 1087-1088.)
In the case at bar, the prosecutor’s evident failure to investigate, analyze and research the case, even to the extremely modest extent of interviewing the complainant, irrefutably establishes that, no matter what may be said to the contrary, the People were not ready until March 31 to go to trial on the assault charge. As to the weapons charges, which were not even filed, and for which no factual basis was alleged prior to March 31, there cannot even be a rational argument that the prosecutor’s statement of readiness could be substantiated.
The People having not been ready to go to trial within the required time, the motion to dismiss all charges, pursuant to CPL 30.30 (1), is granted.

 The Sinistaj majority does not term the second indictment a "superseding” indictment, as did the Appellate Division (111 AD2d 41 [1st Dept 1985]), nor would the second indictment appear to fall within CPL 200.80, the provision authorizing superseding indictments charging the same crimes. Likewise, it would appear not to have been a "replacement” (CPL 210.20 [4]; see, dissenting opn, Alexander, J., in People v Sinistaj, 67 NY2d, at 242-243); or an "amendment” (CPL 200.70) of the original indictment. CPL 100.50 (2) has no analog in CPL 200.80. The Criminal Procedure Law does not authorize superseding an indictment by charging different crimes based on the same facts, probably because of the differences in the ways indictments and informations may be obtained.