OPINION OF THE COURT
William Garnett, J.
Can the prosecution file a superseding information which includes both new factual material and additional charges?
On November 9, 1992, the defendant was arrested for the alleged theft, possession and use of a stolen car and possession of an electronic stun gun which was found on the front floor of the automobile. Inexplicably, the defendant was only charged with possession of the stun gun. (Penal Law § 265.01 [1].) No facts were pleaded which would have provided a factual predicate for any charges concerning the car.
On January 22, 1993, over four months after the defendant’s arraignment, but within the applicable speedy trial parameters, by virtue of excludable delays, the People served a "superseding information” which added new facts and charges. The allegation of the unlawful possession of the stun gun was reiterated but the prosecution added new factual allegations concerning the auto to justify the addition of charges of petit larceny, criminal possession of stolen property in the fifth degree and unauthorized use of a vehicle in the third degree.
The defense immediately moved to dismiss the electronic stun gun charge as facially insufficient and to dismiss the remaining counts as an improper supersedure of the original accusatory instrument.
The prosecution avers that the new charges and facts are properly includable in the "superseding information” on authority of CPL 100.50 (1).
In the absence of appellate guidance and authority, the courts have wrestled with the interplay of various sections of the Criminal Procedure Law which deal with superseding accusatory instruments and new charges. CPL 100.45 (3); 100.50 (2) and 170.65 (2) circumscribe the prosecution’s right *96 to file further accusatory instruments and to add additional charges.
THE CRIMINAL PROCEDURE LAW
CPL 100.45 (3); 100.50 (1) and 100.50 (2) permit prosecutorial action "before entry of a plea” or "commencement of a trial”. CPL 170.65 (2) has no limitation as a defendant may not be prosecuted by a complaint unless he or she waives prosecution by information. (CPL 170.65 [3].) CPL 100.50 (1), (2) and 170.65 (2) contemplate the filing of an information to replace an earlier accusatory instrument. CPL 100.45 (3) controls the addition of additional charges by amendment. CPL 100.45 (3) limits the prosecution’s ability to add new charges by mandating that the additional charges be supported by the facts pleaded in the information which the prosecution seeks to amend. Thus, this section allows new charges but brooks no new facts.
Likewise, CPL 100.50 (2) permits the filing of a prosecutor’s information "charging any offenses supported * * * by the allegations of the factual part of the original information”. Again, the prosecution may add charges but is constrained by the facts of the original pleading. This limitation is compelled by the less rigorous pleading requirements for a prosecutor’s information. (CPL 100.35.)
CPL 170.65 (2) is more liberal in its approach to an information. This section allows the prosecution to add new charges and new facts subject to two constraints. First, the superseding information must charge, at least, one offense based on facts pleaded in the complaint. Second, the additional charges must be in conformity with the rules of joinder. Thus, if the prosecution satisfies these two requirements, then it is free to add new charges supported by new factual material.
Finally, CPL 100.50 (1), which has occasioned the most judicial debate, describes the effect of the filing of a superseding information. This section mirrors CPL 200.80 which deals with the impact of a superseding indictment. The Practice Commentaries note that CPL 100.50 (1) was enacted to bring the procedure which attends the filing of a superseding information into conformity with the indictment procedure. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.50, at 299.) On its face, this section does not limit the prosecution to the same charges or facts when filing a superseding information. The other sections, *97 previously discussed, all contain explicit language which delimits the prosecution on charges or facts. The absence of such plain and clear language in CPL 100.50 (1) and the reason for this statute’s enactment leads to the conclusion that CPL 100.50 (1) is a mere procedural mechanism for the treatment of the counts of superseding informations and that, unlike other sections, this section has no substantive impact on the prosecution’s right to add new facts and charges in a superseding information.
This conclusion is consistent with the framework established by these various sections and with the symmetry between indictments and informations sought to be achieved by the enactment of CPL 100.50 (1).
CPL 100.45 (3) and 100.50 (2) are both crafted to allow the prosecution to refine charges based on the same body of operative fact. The prosecutor, subject to the statutes’ limitations, is free to have the charged offenses supplemented or adjusted prior to the commencement of a trial or plea proceeding. Clearly, these sections do not apply to prosecutor’s informations filed at the direction of the Grand Jury for the prosecution would not be permitted to add offenses which were not voted by the Grand Jury. (See, CPL 100.45 [2]; 200.70 [2] [a].) To achieve the same result, the prosecutor would have to resubmit to another Grand Jury. If a second prosecutor’s information was obtained from a Grand Jury, any additional or deleted charges would be adjusted in compliance with CPL
100.50 (1). Plainly, the prosecutor would not be limited in his or her factual presentation to a subsequent Grand Jury. (People v Cade, 74 NY2d 410 [1989].) Often, prosecutors use the mechanism of resubmission to cure a perceived deficiency in the evidence presented to a Grand Jury and to add charges, which in their haste to satisfy the time requirements of CPL 180.80 or 170.70, were omitted from the initial indictment or prosecutor’s information.
If the prosecutor’s right to present new factual material in a superseding information were foreclosed by CPL 100.50 (1), then there would be no need for CPL 100.50 (1) inasmuch as the People, limited to the facts pleaded in the initial accusatory instrument, could achieve the addition of new charges by amendment pursuant to CPL 100.45 (3) or by prosecutor’s information pursuant to CPL 100.50 (2). CPL 100.50 (1) prescribes the handling of the counts of a superseding information or a prosecutor’s information filed at the behest of a *98 Grand Jury. This section does not limit the prosecutor as do the other sections.
Moreover, it would indeed be ironic that the prosecution would be more favorably positioned if it merely had a complaint in place rather than an information. For if the People simply had a complaint pending, then the less forbidding requirements of CPL 170.65 (2) would apply. Should the prosecutor’s hands be tied because he or she has diligently obtained a corroborating affidavit of a complainant and thereafter learned of additional facts and circumstances? Such a circumstance should not determine the prosecution’s ability to plead additional facts and add charges based on those facts. The defendant is still protected by his right to a speedy trial and the rules of joinder. CPL 170.65 (2) demonstrates a legislative intent to permit the District Attorney to expand the scope of the prosecution, within certain limits, to new facts, and charges. Having this right at the complaint stage, there is no persuasive argument to preclude the prosecution at a later stage. Otherwise, the District Attorney will have been barred by the happenstance that an information has been filed. CPL 170.65 (2) sets fair and reasonable limitations on the prosecution.
Finally, the conclusion is inescapable that the framework of the Criminal Procedure Law and the New York State Court of Appeals decision in People v Alejandro (70 NY2d 133 [1987]) have firmly established a fundamental symmetry between indictments and informations. (See, CPL 100.35, 100.40 (1); 100.45 (1), (2); 100.50 (1); 170.50, 200.20, 200.40, 200.80.) Whether an individual be charged with a felony by indictment or misdemeanor by information, each accusatory instrument should be subjected to the same procedural requirements that it be supported by "legally sufficient” evidence. Further, to the extent practicable, the procedural rules should likewise be consistent. This is definitely the case where, as by CPL 100.50 (1), the Legislature has clearly transplanted the procedural device contained in CPL 200.80 and made it applicable to superseding informations. If CPL 200.80 does not prohibit superseding indictments based on additional evidence presented to a second Grand Jury and the addition of new charges in the superseding indictment, why does the inclusion of this procedural device in CPL article 100 necessarily connote a prohibition of additional facts and charges in superseding informations? The statutory structure, of which CPL *99 100.50 (1) is a portion, does not explicitly or implicitly preclude such additions.
CASE LAW
As noted above, no appellate court has ruled on the parameters and procedural rule of CPL 100.50 (1). Thus, the body of case law concerning this statute is, at best, persuasive authority.
In People v Twine (121 Misc 2d 762, 768 [Crim Ct, NY County 1983]), the court, unable to find any explicit authority in the Criminal Procedure Law for a superseding information which included new factual material, ruled that a superseding information must rely upon the facts pleaded in the accusatory instrument which it replaces. This analysis ignores the fact that the Criminal Procedure Law does not, except for the language of CPL 200.80, contain any expressed authority for the recognized practice of seeking superseding indictments. Thus, the absence of statutory language plainly endorsing the practice of submitting superseding informations does not necessarily evidence a legislative intent to preclude a superseding information which contains new charges based on new facts.
In People v Armstrong (154 Misc 2d 834, 838 [Crim Ct, Bronx County 1992]), the People filed a superseding information which included new facts and charges. The court concluded that CPL 100.50 (1) would "perhaps” permit the pleading of "different or more complete factual allegations” but would not countenance the addition of new charges. The court reasoned that additional charges would violate the defendant’s double jeopardy rights. Yet, double jeopardy rights are not implicated in this context in that jeopardy only attaches when the defendant enters a plea to a charge, a jury has been impaneled and sworn or, in the case of a nonjury trial, when a witness has been sworn. (CPL 40.30 [1] [a], [b].) Thus, new charges would not be precluded for double jeopardy considerations.
In People v Salley (133 Misc 2d 447, 451 [Nassau Dist Ct 1986]), the court, while ruling that CPL 100.50 (1) has no application to the replacement of a prosecutor’s information by an information, opined that a superseding information must have a charge in common with the accusatory instrument which is being superseded. However, the court does not cite any statutory or case law authority for this proposition. Nothing in article 100 expressly bans such changes. However, *100 the court’s contention that, at least, one violation of the Penal Law be common to both instruments is a requirement of CPL 170.65 (2) which governs the replacement of a misdemeanor complaint by an information.
In another case, People v Rhames (NYLJ, Feb. 28, 1992, at 27, col 5 [Crim Ct, Bronx County]), the court ruled that, while new facts may be pleaded to support a count, a superseding information may not be drafted when the entire former instrument is facially insufficient and the court has dismissed it. Presumably, prior to dismissal, the prosecution could file a superseding information including new facts. However, the court acknowledged that the Criminal Procedure Law contains no prohibition against the prosecution filing a superseding or replacement information "so long as it is accomplished within C.P.L. 30.30 time constraints”.
In both People v Cibro Oceana Term. Corp. (148 Misc 2d 149, 151 [Crim Ct, Bronx County 1990]) and People v Consolidated Edison Co. (153 Misc 2d 595 [Crim Ct, NY County 1992]), the prosecution was permitted to plead new facts. Both courts endorsed the analogy to Grand Jury practice and noted the identical language of CPL 100.50 (1) and 200.80. Further, in Consolidated Edison, the court observed that the factual limitation contained in CPL 100.50 (2) was designed to prevent an abuse of prosecutors’ informations which are not governed by the more stringent pleading requirements applicable to informations. A defendant is protected from prejudice by the fact that charges in the information must be supported by the factual portion of the information.
Except for People v Armstrong (supra), none of these cases dealt with an information which both added facts and charges as in this case. As is clear from my review of the statutes, I find the reasoning in the Cibro (supra) and Consolidated Edison (supra) cases to be sound and persuasive. This court is not persuaded by the Armstrong ruling which barred new charges. An examination of the case law does not alter the conclusion that article 100 contains no provision which bars the prosecution from filing a superseding information which includes new charges and facts.
CONCLUSION
After reviewing the statutory structure, particularly the function of CPL 100.50 (1), and the case law, this court concludes that the prosecution may, subject to a defendant’s *101 right to a speedy trial and the rules of joinder, file a superseding information which contains new charges and which pleads additional facts in support of those charges.
The court suggests that the qualifications included in CPL 170.65 (2) would provide reasonable limitations on the prosecution’s right to file a superseding information. There are few restrictions contained in article 100. As was argued above, the status of the superseded accusatory instrument should not determine procedural rights. Adoption of the limitations contained in CPL 170.65 (2) would prevent undue prejudice to the defendant and would obviate the potential abuse of the filing of successive, superseding informations.
CPL 170.65 (2) and People v Salley (supra) require some identity between the superseding information and the accusatory instrument which it replaces. This court need not decide this issue inasmuch as the superseding information in this case shares operative facts with the initial accusatory instrument.
The ruling in this case does not vouchsafe to the prosecution unbridled discretion for the freedom to supersede is circumscribed by the rules of joinder and speedy trial time constraints. The prosecutor may not capriciously and interminably add unrelated charges and incidents to a criminal action.
RULING
On January 22, 1993, when the People filed a superseding information, the original accusatory instrument, whether considered a misdemeanor complaint or, as contended by the People, an information, was still in place. The court had not made a final ruling on its sufficiency.
The superseding information charges the commission of an offense based on conduct which was the subject of the initial accusatory instrument, to wit: criminal possession of a weapon in the fourth degree. Thus, this new instrument would satisfy any identity requirement.
As noted in the introduction, there is no claim that defendant’s speedy trial rights have been violated.
Moreover, the addition of the charges related to the alleged theft of the vehicle are properly joinable in this information. CPL 100.15 (2) provides that informations are subject to the rules of joinder applicable to indictments. The rules of joinder applicable to indictments are contained in CPL 200.20 (2). CPL *102 200.20 (2) provides, in pertinent part, that two offenses are joinable when "[t]hey are based * * * upon the same criminal transaction, as that term is defined in subdivision two of section 40.10.” " 'Criminal transaction’ means conduct which establishes at least one offense, and which is comprised of two or more or a group of acts * * * so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident”. (CPL 40.10 [2] [a].)
The conduct alleged in the superseding information comprises acts which are "closely related and connected in point of time and circumstance of commission”. All of the conduct is alleged to have occurred at the same time, at the same place and in the same auto. The weapons charge is bottomed on the defendant’s presence in the vehicle which is alleged to have been stolen. (See, Penal Law § 10.00 [8]; § 265.15 [2], [3].) At the time of his alleged weapons possession, the People also contend that he was committing illegal acts in regard to the vehicle. Thus, the charges contained in the information are properly joinable.
Finally, the defendant’s motion to dismiss the weapons count for facial insufficiency is granted. Penal Law § 265.00 (15-c), in defining an electronic stun gun, requires that this per se weapon cause certain results "by passing a high voltage electrical shock”. This information contains no factual allegation which would indicate that the stun gun was operable in that the weapon was capable of passing an electrical shock. In People v Lynch (145 Misc 2d 354 [Crim Ct, Kings County 1989]), the court reasoned that the information must establish operability and dismissed a possession count under the Administrative Code of the City of New York. In 1990, the Legislature added "electronic stun gun” to the list of per se weapons in Penal Law §265.01 (1). Thus, the failure to allege facts indicating that the stun gun was operable renders the criminal possession of a weapon count infirm.
In summary, the court sustains the charges related to the alleged misappropriation of the car but dismisses the electronic stun gun charge.
In passing, the court notes that if the initial accusatory instrument in this case is denominated a misdemeanor complaint, rather than an information, as the People contended, the same result would obtain for the People have satisfied the requirements of CPL 170.65 (2).