OPINION OF THE COURT
Muriel G. Hubsher, J.
The defendant was originally charged with one count of leaving the scene of an incident (Vehicle and Traffic Law § 600 [2] [a]), a class B misdemeanor. He subsequently moved to dismiss the charge pursuant to CPL 30.30 (1) (c), alleging that the People failed to convert the initial accusatory instrument into a valid information within 60 days of his arraignment.
CPL 30.30 (1) (c) provides in pertinent part that the People must be ready within, "sixty days of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of not more than three months and none of which is a crime punishable by a sentence of imprisonment of more than three months”.
The first instrument was filed on June 16. This commenced the running of the 60-day period, less excludable time, within which the People must be ready for trial pursuant to the requirements of CPL 30.30 (1) (c). The case was then adjourned to July 17, 1995. This period of time, 31 days, is chargeable to the People.
On July 17, the case was adjourned to August 24, still lacking the corroborating affidavit. This period of time, 38 days, is, therefore, also chargeable to the People.
Based on the foregoing chronology, the court finds there are 69 days chargeable to the People, well over their 60-day B misdemeanor readiness time limit. Accordingly, defendant’s motion to dismiss the initial accusatory instrument charging Vehicle and Traffic Law § 600 (2) (a) should have béen granted.
On September 7, while awaiting decision, the People served and filed a new accusatory instrument adding charges of assault in the third degree (Penal Law § 120.00 [2]), a class A misdemeanor, and leaving the scene of an incident (Vehicle and Traffic Law § 600 [1] [a]), a traffic infraction. On August 24, *826 and again on October 12,1995, the case was adjourned to decide the GPL 30.30 motion.
Pursuant to GPL 100.45 (3); 100.50 (2) and 170.65 (2), the prosecution may file a replacement information which includes new factual material and additional charges. (People v Morel, 157 Misc 2d 94, 95 [Crim Ct, Kings County 1993].) The prosecutor’s right to do so is subject to the rules of joinder and speedy trial (the issue presently before this court). (Supra, at 101.) It also follows that, because this is not the original accusatory instrument filed for this criminal transaction, the speedy trial time relates back to the original instrument. (People v Sinistaj, 67 NY2d 236 [1986].) In addition, it is firmly established that the " 'District Attorney has almost unfettered discretion in determining how and when to prosecute, including the right to reduce, add or amend charges’ ”. (People v Byrd, 124 Misc 2d 987, 989 [Crim Ct, NY County 1984], citing People v Williams, 120 Misc 2d 68, 78 [1983].)
Despite the fact that the speedy trial time has expired on the original charge, the People are not prohibited from reprosecuting the defendant on charges stemming from the same criminal transaction so long as the new charges "are subject to speedy trial deadlines which are longer than those which governed the misdemeanors contained in the prior accusatory instrument.” (Matter of Chang v Rotker, 155 AD2d 49, 58 [2d Dept 1990].) In the present case, the People have filed a new information containing the charge of assault in the third degree (Penal Law § 120.00 [2]), a class A misdemeanor, subject to the provisions of CPL 30.30 (1) (b). As to this charge, the People are entitled to the 90-day "speedy trial deadline” relating back to June 16, 1995 as opposed to the 60-day deadline for this charge. (People v Sinistaj, supra.) In addition, because the charge of leaving the scene of an incident (Vehicle and Traffic Law § 600 [1] [a]) is a traffic infraction, it is not subject to the time provisions of speedy trial and therefore need not be dismissed. (See, People v Wise, 141 Misc 2d 409 [1988].)
As established above, the period between June 16 and August 24 constituted 69 chargeable days to the People. On August 24, when the accusatory instrument was subject to dismissal, the court adjourned the case to October 12 for decision on the present GPL 30.30 motion. This adjournment constitutes excludable time pursuant to GPL 30.30 (4) (a). On October 12, the case was again adjourned to November 1, for decision on the instant motion. This time is likewise excludable. (CPL 30.30 [4] [a].) Therefore, for speedy trial purposes, the People have satis *827 tied, the requirements of CPL 30.30 (1) (b) for the charge of Penal Law § 120.00 and Vehicle and Traffic Law § 600 (1) (a) by serving and filing a sufficient information and statement of readiness on September 7, 1995.
For all of the foregoing reasons, the court now holds that the charge of Vehicle and Traffic Law § 600 (2) (a), as a B misdemeanor, must be dismissed on speedy trial grounds. To allow that charge to be saved well after CPL 30.30 time had run, by adding counts for which the time had not run, would be contrary to the spirit and intent of the speedy trial statute. (Cf., People v England, 84 NY2d 1 [1994].)
The remaining charges contained in the new instrument, however, are not barred by the statute and are retained for trial. (See also, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 30.30, at 176, Reprosecution.)