OPINION OF THE COURT
Charles A. Posner, J.
The defendant, Khoi Dang, charged with criminal possession of an electronic stun gun, one of the proscribed weapons enumerated in Penal Law § 265.01 (1), moves to dismiss the *275 purported information as facially insufficient. The questions presented by instant motion are twofold: (1) when a defendant is charged as such what factual allegations will suffice to render the complaint facially sufficient; and (2) what form of corroboration is required to convert the complaint to an information.
CORROBORATION OF THE OPERABILITY OF A STUN GUN
This court holds that the complaint must allege that the stun gun is "operable”, i.e., specifically that it emits an electronic charge when the trigger is pulled. In the absence of such allegation, language in a complaint identifying an object as a stun gun must be deemed conclusory. When the deponent is a police officer, or a court officer, as in the instant case, the deponent’s training in the field of ballistics and capacity for recognizing a device as an electronic stun gun is inherently understood, and need not be set forth in a complaint. However, a supporting deposition from the individual who tested the stun gun is required to convert the complaint to an information. This court declines to hold that a formal lab analysis or ballistics report is a jurisdictional requisite to corroborate this charge. Furthermore, the aforementioned applies irrespective of whether a defendant is charged with unlawful possession of an electronic stun gun pursuant to the Penal Law or Administrative Code of the City of New York § 10-135 (b).
The motion arises from the following facts and procedural history. The defendant was arrested on August 30, 1996 and charged with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). The factual allegations in the Criminal Court complaint dated August 30, 1996 set forth that the deponent, Court Officer Heather Garcia Shield 3400 of Kings County Criminal Court, observed the defendant in possession of an electronic stun gun inside the Criminal Court building. The defendant was issued a desk appearance ticket (D.A.T.) and instructed to appear for arraignment. On December 11, 1996 the People filed a superseding instrument which states as follows: "Deponent observed defendant in possession of an electronic stun gun. Deponent further states that she is informed by Sgt. Olinsky Shield #207, that he tested the stun gun and that it emitted an electronic charge when the trigger was pulled.” The People also filed a corroborating affidavit of Sergeant Olinsky stating that he read the accusatory instrument and that the facts stated in that instrument are true. In addition, the People filed a statement of readiness which was served on defense counsel.
*276 The gravamen of the defendant’s motion to dismiss is that since no lab analysis or ballistics report was ever filed, the complaint was never properly converted to an information. The defendant argues that the mere allegation that the gun was tested together with the supporting deposition of Sergeant Olinsky is insufficient to convert the instrument. Moreover, the defendant avers that the factual allegations in both the complaint and supporting deposition do not set forth the deponent’s basis for identifying the device as an electronic stun gun, i.e., that the deponent possesses a requisite expertise in the area of testing weapons. The People’s affirmation in opposition states that a lab analysis or ballistics report is not a jurisdictional requisite in the case of an electronic stun gun, and that the "operability” element of the offense may be established by a corroborating affidavit from the weapon’s tester.
It is axiomatic that a valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. A complaint serves as the basis for the commencement of a criminal action and is designed to provide the court with sufficient facts for the court to determine whether the defendant should be held for further action. The factual part of the misdemeanor complaint must allege facts of an evidentiary character (see, CPL 100.15 [3]) demonstrating reasonable cause to believe the defendant committed to crime charged (see, CPL 100.40 [4] [b]). A complaint is dismissible if it contains conclusory statements or insufficient evidentiary facts. (People v Dumas, 68 NY2d 729 [1986].) A complaint which contains allegations that a deponent /police officer or, as in the instant case, a court officer, observed the defendant in possession of an electronic stun gun is facially sufficient. The factual allegations need not set forth the officer’s basis for concluding that a device is an electronic stun gun. The deponent’s status as a police officer confers upon her an inherent ability to draw that conclusion because of her training and expertise in the area of weapons.
Accordingly, both the complaint filed on August 30, 1996 and the superseding complaint of December 11, 1996 (both of which included allegations that Officer Heather Garcia observed the defendant in possession of an electronic stun gun) were facially sufficient complaints and cannot be deemed conclusory.
*277 THE JURISDICTIONAL SUFFICIENCY OF THE INFORMATION
An information must be based upon nonhearsay allegations and/or supporting depositions which establish, if true, every element of the offenses charged and the defendant’s commission of those offenses. (See, People v Alejandro, 70 NY2d 133 [1987]; CPL 100.40 [1] [c].) The term "electronic stun gun” is defined in Penal Law § 265.00 (15-c) as: "[A]ny device designed primarily as a weapon, the purpose of which is to stun, cause mental disorientation, knock out or paralyze a person by passing a high voltage electrical shock to such person.” The defendant argues that the information is insufficient because the People have only alleged that the weapon emitted an electronic charge, but have omitted allegations that the stun gun has the capacity of inflicting the effects set forth in the statute. The defendant argues therefore that the People have failed to set forth nonhearsay allegations which support every element of the crime charged. By making this argument, the defendant has in fact equated "operability” of the weapon with the potential effect of the weapon. Operability may be established by a deposition attesting to the fact that the weapon was fired and transmitted an electric current. (People v Lynch, 145 Misc 2d 354 [Crim Ct, Kings County 1989].) In People v Morel (157 Misc 2d 94 [Crim Ct, Kings County 1993]), a decision handed down after the Legislature added "electronic stun gun” to the list of per se weapons (1990), it was again held that an information must allege that a stun gun was operable in that the weapon was capable of passing an electrical shock. The defendant misinterprets Morel (supra) to require that "operability” be proved by a ballistics report.
In summary when a defendant is charged with possession of an electronic stun gun, whether pursuant to the Penal Law or the Administrative Code, a jurisdictionally valid information must contain factual allegations that the stun gun was operable, defined as capable of emitting an electronic charge, as well as a supporting deposition from the individual who tested the device. No formal lab analysis or ballistics report is required. Where the complaint contains allegations that a deponent and/or informant observed a defendant in possession of a stun gun and that deponent/informant is a police officer, or a court officer as in the instant case, that officer’s capacity for correctly identifying a weapon is inherently understood by *278 her professional status so that the basis for the identification need not be set forth in the complaint.
Accordingly, the defendant’s motion to dismiss the information is denied.