OPINION OF THE COURT
Eileen N. Nadelson, J.
*462 Defendant was arraigned on charges of assault in the third degree (Penal Law § 120.00 [1]), attempted assault in the third degree (Penal Law § 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]). The complaint was converted to an information, discovery was requested, served and filed, and the matter was set down for trial. When the parties returned for trial, the People moved to supersede the information to charge defendant with violation of a Family Court order of protection. This order of protection had been issued and in effect several weeks before the time of the occurrences subject of the instant action, and the person protected by the order of protection is the complaining witness in the instant matter.
Defendant objected to the People’s oral motion to supersede, alleging that the People would have to rearrest defendant in order to have him subject to this additional charge. The People maintained that they are permitted to supersede with additional facts, and charges pursuant to the provisions of CPL 170.65. Because this issue appears frequently in this court, the court agreed to render a decision on the oral motions and objections. The parties agreed to permit the court to render a decision without the necessity of written papers.
Simply stated, the question before the court is whether an information may be superseded to add additional charges based on facts not alleged in the original complaint.
CPL 170.65 (2) states:
“An information which replaces a misdemeanor complaint need not charge the same offense or offenses, but at least one count thereof must charge the commission by the defendant of an offense based upon conduct which was the subject of the misdemeanor complaint. In addition, the information may, subject to the rules of joinder, charge any other offense which the factual allegations thereof or any supporting depositions accompanying it are legally sufficient to support, even though such offense is not based upon conduct which was the subject of the misdemeanor complaint.” (Emphasis added.)
In interpreting this section of the CPL, the court in People v Morel (157 Misc 2d 94 [Crim Ct, Kings County 1993]) stated that, under CPL 100.50 (2), a prosecutor’s information may charge any offense supported by the allegations of the factual part of the original information. Under this section of the CPL the People are constrained to add charges only when such *463 charges may be added without the necessity of adding new facts. However, the court further stated that CPL 170.65 (2) is more liberal in its approach to an information.
According to the Morel court, CPL 170.65 (2) permits the prosecution to add new charges and new facts subject to two constraints: (1) The superseding information must charge at least one offense based on facts pleaded in the complaint, and (2) The additional charges must be in conformity with the rules of joinder.
Therefore, pursuant to CPL 170.65 (2), if the superseding information conforms to the rules of joinder, the People may file a replacement information which includes new factual material and additional charges. (People v Henry, 166 Misc 2d 824 [Crim Ct, Kings County 1995].)
Under the rules of joinder, two or more offenses are joinable when based upon the same criminal transaction. (See CPL 100.15 [2]; 200.20 [2]; 40.10 [2] [a].) “Criminal transaction” is defined as “two or more acts so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident.” (People v Johnson, 2003 NY Slip Op 51206[U], *3 [Crim Ct, NY County 2003].)
In the instant matter, the order of protection was in effect when the acts complained of in the original information occurred. The complaining witness in this case is the person in whose favor the order of protection had been issued, and when defendant allegedly committed the offenses pleaded in the complaint he also, of necessity, allegedly violated the order of protection. Therefore, the court finds that, under these circumstances, the People are permitted to supersede the information to charge a violation of the order of protection.
As a cautionary note, this conclusion would not have been reached if the order of protection had been issued only after the acts alleged in the original complaint occurred. Under those circumstances, the new charge could only have arisen out of the first charge and could not have occurred coincidentally so as to meet the definition of “criminal transaction” discussed above.